## CLAYTON VS. STATE USE, ETC.

Whether an officer will be permitted, in all cases, to amend his return on a writ of execution, after proceedings against him for false return or negligence, it is unnecessary to decide in this case: because the proceedings had been quashed before the motion to amend was filed: and the attitude of the parties, then, was as though none had been commenced.

No very definite rule can be laid down as governing amendments, in all cases; but an officer should always be permitted, in furtherance of justice, to amend his return on an execution, according to the facts, unless, by the allowance of the amendment, manifest injustice would be done,

Where the return upon a writ of execution showed a levy upon slaves, and a delivery bond taken and forfeited, the sheriff is permitted to amend by striking out the return and inserting *nulla bona.*

*Error to Monroe Circuit Court.*

Hon. EARL C. BRONAUGH, Circuit Judge.

CLAYTON, for plaintiff.

GARLAND & RANDOLPH, for defendant.

Mr. Justice COMPTON, delivered the opinion of the court.

The writ of error in this case is prosecuted to reverse a judgment of the circuit court refusing to permit the sheriff of Desha county to amend his return on an execution.

The execution was issued on the 30th July, 1859, and returned to March term, 1860. The return shows that it was levied on two slaves, and that a delivery bond was taken and forfeited. At the return term, the delivery bond was quashed, on motion of the principal in the bond; and afterwards, at March term, 1861, the plaintiff in the execution, having giving previous notice, moved for summary judgment against the sheriff and two of the sureties in his official bond, under the provisions of *Ch.* 97, *of Gould's*

*Digest.* At the same term of the court, the proceedings for judgment were quashed for irregularity; and thereupon, the sheriff suggesting that the return on the execution was made under a mistake of the facts, moved for leave to amend it by striking out that which was made, and inserting in lieu thereof, "no property of the within named defendants to be found in my county," which the court refused. After the motion to amend, and before it was determined, the plaintiff in the execution served one of the sureties in the sheriff's official bond with notice, that at September term, 1861, he would again move for judgment.

Amendments are within the sound discretion of the court, and though there are cases where it has been held, in some of the sister states, that the exercise of this discretion will not be reviewed on error, the practice with us has been otherwise. *Thompson vs. Bremage,* 14 *Ark.,* 59; *Thompson vs. McHenry,* 18 *Ark.,* 537; *McLarren vs. Thurmond,* 3 *Eng.,* 313.

But it is insisted, on the authority of *Brinkley vs. Mooney,* 4 *Eng.* 445, and *Mullens vs. Johnson,* 3 *Humph.,* 396, that an officer will not be permitted to amend his return after proceedings against him for false return, or negligence in the execution of the writ. Whether this is so, or not, in all cases, we need not enquire. It is sufficient to say that the case before us does not come within the rule laid down in the cases cited. True, there had been proceedings against the sheriff for negligence in executing the process, but they had been quashed—leaving nothing pending at the time the motion to amend was made. After the quashal, the attitude of the parties toward each other was as though no proceedings had been commenced; and the fact that pending the motion to amend, the plaintiff in the execution gave notice that the proceedings would be renewed at the succeeding term of the court, does not affect the case.

It is also insisted that the amendment should not be allowed, because it goes to the extent of striking out the whole return, and making, in its stead, a totally different one. We have been referred to no authority that supports this proposition: and we can

3

preceive no good reason for such a restriction on the privilege to amend. In *Smith vs. Daniel*, 3 *Murph.*, 128, decided by the supreme court of North Carolina, the return showed a levy and sale, and the court permitted the sheriff to amend, by striking out the return, and inserting in lieu of it, one of *nulla bona*. A similar amendment was allowed in the subsequent case of *Dickinson vs. Lippett*, 5 *Iredell*, 560. And in *Brinkley vs. Mooney*, 4 *Eng.*, 445, this court said: "The sheriff will always be allowed to amend his return (before suit brought for a false return) so as to make it conform to the truth of the case, for the correctness of which he is responsible." Here, the rule would seem to be too broadly stated. Cases may occur where the amendment would be disallowed, though no proceedings for false return had been instituted, as for instance, in *Miller et al. vs. Shackleford*, 4 *Dana*, 264. Indeed, no very definite rule can be laid down, as governing all cases—the most that can be said is, that, in furtherance of justice, an officer should always be permitted to amend his return, according to the facts, unless, by the allowance of the amendment, manifest injustice would be done.

As regards the propriety of the amendment in the case under consideration, we think there can be no serious question. In a proceeding for negligence—and the plaintiff in the execution has evinced a disposition to take steps in that direction—the return, as made, could be used against the sheriff to fix his liability under the statute, for the amount of the execution; and to disallow, under such circumstances, an amendment that would protect him, would be unjust. On the other hand, we do not see how the plaintiff in the execution can be prejudiced by the amendment, because, if the return, as amended, should be false, he will in that case, have his remedy against the sheriff.

Let the judgment be reversed and the cause remanded to the court below with instruction to allow the sheriff to amend his return.