## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS,

AT THE

JUNE TERM, A. D. 1871.

---

## KING v. CALDWELL.

PRACTICE—*Amendments*—Under section 8, Code of Civil Practice, it is competent for the court to substitute a several for a joint cause of action—make changes of parties—insert allegations necessary to a full and fair investigation of the merits, and no objections to such amendments will avail a litigant, unless such changes have misled a party to his prejudice, and not then, unless the party misled, show to the court in what respect he has been misled or prejudiced.

DISCONTINUANCE—*Record should be amended.*—Where several defendants are jointly sued, the action may be discontinued as to all but one, and prosecuted as to that one, on the joint action—but if the plaintiff wish to proceed as in a single action against that defendant, the record should be so amended.

DEFENDANT—*Entitled to benefit of joint plea.*—Where the action is prosecuted against the remaining defendant, on the joint cause of action, it is error in the court to refuse him the benefit of the joint plea and to give instructions which cut off his defense under it.

VERDICT—*Not disturbed if defendant had all his defense.*—When there are several counts and the pleas have been abandoned as to one, it is incorrect for the jury to return a verdict on more than one issue; but if the evidence offered by defendant would have only defeated the first count and the others would not have thereby been affected, and he had the full benefit of all his defense, and the plaintiff was entitled to recover under the testimony on the other counts—the verdict will not be disturbed.

DISMISSAL—*Error in, how made available.*—Error in refusing to dismiss as to some defendants and in permitting the record to be amended after jury sworn, will not avail, unless asked for by the defendant in the court below.

*Appeal from Pope Circuit Court.*

HON. W. N. MAY, Circuit Judge.

*Gallagher, Newton & Hempstead,* for appellant.

The rule is well settled, in this State, that in actions *ex-contractu,* a dismissal as to one defendant served with process, is a dismissal as to all. *Frazier v. State Bank, 4 Ark. 509; Bebee v. R. E. Bank, 4 Ark. 546; Sillivant v. Reardon, 5 Ark. 540; Ashley v. Hyde, 1 Eng. 92; Pleasant v. State Bank, 3 Eng. 456; Pinfoy v. Hill, 18 Ark. 361.*

The plea of non-assumpsit *sworn to* put in issue the execution of the instrument sued on, and the court should have allowed evidence going to show that it was a forgery: *Gould's Dig. p. 86, secs. 103, 105; McCollum v. Cushing, 22 Ark. 544.*

The instrument sued on was of a two-fold character; that of a receipt and a promise to pay. Receipts are always susceptible of explanation or contradiction by parol evidence. *Humphries v. McGraw, 5 Ark. 61; R. E. Bank v. Reardon, 5 Ark. 558; Burton v. Merrick, 21 Ark. 357; 2 Pars. on Cont. 68.*

The first instruction of the appellee was erroneous, as it withheld from the jury any inquiry as to damages to King by

appellee's breach of the contract. King's special plea being in substance, if not technically, a plea of recoupment. *Davis v. Calvert, 17 Ark. 85; Desha v. Robinson, 17 Ark. 228; Wheat v. Dotson, 7 Eng. 699; Smith v. Capers, 8 Eng. 9.*

*Clark & Williams,* for appellee.

The plaintiff's only remedy, before the adoption of the Code, was to dismiss and bring a new action. Could he under the Code accomplish this, by a change of proceedings, without going out of court? We submit that it was competent to do so. See *Code of Civil Practice, sec. 155.* The plaintiff should have amended the declaration, so as to show that the contract was a separate one, made by defendant King—but was it error in not doing it? And if it was, has not the defendant waived it by his subsequent proceedings? The record shows that he did, by his subsequent pleas of failure of consideration and non-assumpsit, wherein he treated the contract as separate and made by defendant, King. And the testimony on the trial adduced, was adapted to the contract, as a separate contract; and not having required the declaration to be amended so as to adapt it to such proof, he cannot object to the variance for the first time in this court. See *Code of Civil Practice, sec. 150.*

There is no conflict in the testimony to sustain the verdict and judgment under these common counts, and the judgment is *right on the whole record. Davis v. Gibson, 2 Ark. 115; Payne v. Bruton, 10 ib. 54; Sweepser v. Gaines, 19 ib. 96; Walker v. Walker, 7 ib. 543.*

GREGG, J.

On the 7th of August, 1867, the appellee filed his declaration in assumpsit, in the Pope circuit court, against the appellant, Daniel Harkey and James Williamson, founded upon an instrument in writing, signed G. E. King, in which the receipt of thirty bales of cotton was acknowledged, and a promise to pay ten cents per pound for the same. The declaration also

contained common counts for cotton sold etc., and alleged that the three, jointly, undertook and promised in the name and style of G. E. King. At the October term, 1868, the defendants all appeared, craved oyer of the instrument sued on, and finally plead non-assumpsit and *non est factum.*

On the 2d of April, 1869, the plea of *non est factum* was, by the court, stricken from the files and the plaintiff, in short, entered his replication to the plea of *non-assumpsit;* and in the same record entry, it appears that on the plaintiff's motion, the cause was discontinued as to the defendants, Daniel C. Harkey and James Williamson, and it was ordered that "they go hence without day," and thereupon the defendant, King, filed a separate plea of failure of consideration, to which replication was entered, a jury was called, who found the issues for the plaintiff, and assessed his damages at $733 $\frac{05}{100}$.

The defendant moved for a new trial, upon the ground that the court refused to dismiss the suit as to him, when a discontinuance was taken as to his co-defendants; that the court excluded competent testimony; that the court improperly gave the plaintiff's instructions and refused the defendant's instructions; that the plaintiff was allowed to answer his pleadings after the jury was summoned; that the verdict was contrary to evidence.

The court overruled the motion, and the defendant prayed an appeal. The defendant filed his bill of exceptions, in which he set out the evidence and instructions, and his exceptions to the rulings of the court.

Changes in parties and the substitution of a several instead of a joint cause of action, after the parties had all appeard in court and plead, formerly could not be allowed; but chapter eight, of the Civil Code of Practice, requires the court, in which the trial is had, to allow any and all changes in parties, or the insertion of different allegations, necessary to a full and fair investigation, upon the merits of the matter in controversy between the parties, and no exception taken to the allowing of such changes or amendments can avail any adverse litigant,

unless such changes or amendments have misled that party to his prejudice, and then that fact must be shown to the lower court and the party misled must show in what respect he has been misled and prejudiced. See *Code of Civil Practice of Ark.*, *p. 60.*

We seldom find a record which exhibits more carelessness on the part of attorneys, or irregularities in the proceedings of a court, than appears in this. When the plaintiff determined to abandon his suit as to Harkey and Williamson, and treat the matter as a separate transaction with King, which, from the various steps taken, we must suppose he proposed doing, he should have so amended his declaration and other proceedings, as to have conformed them · to the new state of case.

If his action had been well brought, and he saw fit to discharge two of the defendants from responsibility, he might have dismissed such two, and continued proceedings upon a joint cause of action, against one defendant only. If, however, the plaintiff wished to proceed against a single defendant, upon an individual cause of action, his record should have been amended.

In this case, from the time of the discontinuance as to Harkey and Williamson, other than the filing of a separate plea by King, there was no step taken to conform the record to a proceeding against him in a several action; however, it seems the court and plaintiff's counsel treated the case as an action against King alone, but as the record stood upon the trial, it was certainly erroneous for the court to refuse to allow King the benefit of his joint plea of *non-assumpsit*, and so far as his defense went to the first count in the declaration, wherein the plaintiff had declared upon a written promise, the court refused to recognize the plea, and allowed evidence and gave instructions, which cut off that defense.

Notwithstanding this plea was by the plaintiff's counsel and the court treated as abandoned, they had the jury to return a verdict on more than one issue, which was manifestly incorrect, if only one plea and issue was before the court; but

if the evidence, offered by the defendant, had been received and had fully established all he proposed to, it would only have defeated the plaintiff's recovery on the first count, the others would not have been affected thereby, and as to them, he had the full benefit of all the defense he was able to make; and taking his own testimony, in connection with that of the plaintiff and his witnesses, the plaintiff was entitled to recover, on the common counts. There was no conflict in the evidence on but one material point, and as to that, the jury seemed to have no difficulty in forming a conclusion. If permitting the record to be amended after the jury was sworn, as alleged, or the refusal to dismiss King, after Harvey and Williamson had been dismissed, had been error, it could avail the defendant nothing, because the record does not show that he ever asked to be discharged, nor that such amendment was ever asked for, or made. Notwithstanding the errors alluded to, upon the whole record, as it appears before us, the finding and judgment is right, and in accordance with the former rulings of this court. It is affirmed with costs. *Sweepser v. Gaines, 19 Ark., 96; Payne v. Bruton, 10 Ark , 84,* and other cases.