TRIPPE & SON v. DUVAL ET AL.

1. NEW TRIAL,

Although the verdict is against the weight of evidence, the court will not render judgment *non obstante viredicto*, or grant a new trial unless the substantial rights of the party are thereby affected.

2. AMENDMENT AFTER VERDICT.

An answer which is vague and indefinite, may be amended after verdict to conform to the proof.

APPEAL from *Sebastian* Circuit Court.

Hon. J. BRIZZOLARI, Special Judge.

*Rogers*, for appellant.

*Du Val*, contra.

HARRISON, J. :

This was a suit by the appellants against the appellees, for negligence and breach of contract as attorneys.

The complaint alleged that the plaintiffs retained and employed the defendants, who were attorneys, in consideration of certain reasonable fees and rewards to be paid them, to commence and prosecute a suit against one James M. Collins, for the recovery of the sum of $622.47, due and owing them by said Collins, on book-account, for goods sold and delivered him ; but that the defendants failed and neglected to commence the suit, whereby the debt became barred by the statute of limitations, and was lost to the plaintiffs.

The defendants filed the following answer :

"The defendants Benjamin T. DuVal and Raphael M. Johnson, say :

That after the formation of the partnership between them in the practice of law, the said plaintiffs sent by mail to the said defendant, DuVal, the account in said plaintiffs' complaint mentioned, against the said James M. Collins, for collection, purporting to be for goods and merchandise sold and delivered by the plaintiffs to the said James M. Collins ; that said DuVal, soon after the receipt of said account presented the same to said Collins, and demanded payment thereof ; that said Collins denied that he owed said plaintiffs any thing on said account, and stated that he had, as the agent of one Henry Nathan, purchased said goods and merchandise in said account mentioned, from the plaintiffs, for said Nathan, and that said plaintiffs knew at the time said goods were purchased that he was the agent of said Nathan. That these defendants did not commence and prosecute a suit in this or any other court, for said Collins, for the recovery of said sum of money, because they, in good faith believed that judgment could not be recovered against said Collins upon said account. That in not bringing the suit, they acted in good faith, and according to the best and utmost of their skill and ability ; and they further say, that the said plaintiffs have not been damaged by reason of suit not having been commenced and prosecuted on said account against said Collins.

There was a trial by a jury, and a verdict was returned for the defendants. The plaintiffs moved for a judgment *non obstante veredicto*, which was refused ; and the defendants were permitted, against the plaintiffs objection, to make the following amendment to their answer :

"The defendants, by leave of the court, for amendment to their answer, heretofore filed, say : that the said James M. Collins was not indebted to the said plaintiffs, in the sum of

six hundred and twenty-two dollars and fifty-seven cents, or any other sum, for goods and merchandise sold and delivered upon the account placed in their hands for collection, in the manner and form as the plaintiffs have set forth in their complaint."

The plaintiffs thereupon moved for a new trial; but their motion was overruled.

The appellants contend, that the answer did not deny, but in fact admitted, their cause of action, and they were consequently entitled to judgment *non obstante veredicto,* as moved for by them.

Though the answer, before the amendment, was vague and indefinite, and might for that reason have been required to be made more specific and certain; yet it did expressly deny that the plaintiffs sustained any damage or injury by their failure to institute the suit, and it obviously was the intention to deny and put in issue the alleged indebtedness of Collins to the plaintiffs; and we must suppose it was with that understanding the parties went to trial; for the whole of the defendant's evidence, which was admitted without objection, had regard to that alone.

But it is insisted by them, that it was immaterial to their right of action, whether they might have recovered against Collins or not; that by failing to bring the suit there was a breach of the defendants' promise or undertaking, for which they were entitled to a judgment against the defendants for at least nominal damages.

Whether in a case such as this, the plaintiff be entitled to judgment for nominal damages, we need not consider. Substantial justice is not, under our practice, to give way to mere form.

It is a provision of the Code—*Section* 4619, *Gantt's Digest,* that the court shall " in every stage of an action, disregard any

error or defect in the proceedings which does not affect the *substantial rights* of the adverse party," and that, "no judgment shall be reversed or affected by reason of such error or defect;" and before the Code, the rule was well settled that though the verdict be against the weight of evidence, a new trial will not be granted the plaintiff, who can recover nominal damages only. *Sedg. in Dam.*, 54; *Macrow* v. *Hull*, 1 Burr., 11; *Farewell* v. *Chaffey*, Ib. 54; *State* v. *Miller*, 5 Blackf., 384; *Jennings* v. *Loring*, 5 Ind., 250; *Futch* v. *Walker*, 1 Bail., 98; *Elwell* v. *Bradham*, 2 Spear, 186; *Brantingham* v. *Fay*, 1 John. Ca., 255; *Exparte Bailey*, 2 Cow., 479; *Remdell* v. *Butler*, 10 Wend., 119.

In the case of *Farewell* v. *Chaffey*, Lord MANSFIELD remarked, " A new trial ought to be granted to attain real justice, but not to gratify litigious passions upon every point of *summum jus.*"

The amendment of the answer was rightly allowed. According to what we have said above, the effect of it was to make the answer more definite, and it was in conformity with the proof, as shown by the bill of exceptions, and also by the verdict—the jury specially finding that Collins was not liable to the plaintiffs.

"The court may, at any time, in furtherence of justice, and on such terms as may be proper, amend any pleadings or proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case ; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to facts proved." *Section* 4616, *Gantt's Digest*.

The plaintiffs excepted to certain instructions given the jury, and also to the refusal of the court to give others asked by them ; but inasmuch as the objections have not been argued or

insisted upon here, and we find them not well taken, or the rulings to the prejudice of the plaintiffs, it is unnecessary to notice them.

The judgment of the court below is affirmed.