## ATKINSON *v.* COX.

Decided April 25, 1891.

1. *Amendment—Substitution of issue.*

Where a cause has regularly come on for trial, a jury been empaneled, the cause stated, and the witnesses sworn, it is within the court's discretion to refuse to permit an amendment which would change the issue.

2. *Debt—Appropriation of payments.*

A landlord cannot apply to an account against his tenant for supplies the proceeds of cotton delivered to him by the tenant, with directions that its proceeds be applied to the payment of rent.

APPEAL from *Jefferson* Circuit Court.

JOHN M. ELLIOTT, Judge.

*J. M. & J. G. Taylor* for appellant.

1. The court erred in refusing to allow plaintiff to amend his complaint. Mansf. Dig., secs. 5075 to 5084, and notes; 42 Ark., 57; 30 Ark., 396.

2. The act of 1885 gave appellant a lien for supplies advanced, and appellee is estopped to deny the right of appellant, his landlord, to enforce his lien. 2 Herm. on Estop-

pel, pp. 859, 872, 1125; McAdam on Land and Ten., pp. 423–5; 11 S. W. Rep., 735; 47 Ark., 269; 52 Ala., 155; Beach on Receivers, p. 695; 106 U. S., 468; Sedg. St. & Const. Constr., p. 73; Acts 1885, p. 225.

*N. T. White* for appellee.

1. The court exercised a sound discretion in striking out the amended complaint. Mansf. Dig., secs. 5075–5084; 26 Ark., 360; Bliss, Code Pl., secs. 428–9; 30 Ark., 396. There was but one issue before the court, and that was whether the rent had been paid, and the court properly rejected all evidence as to supplies furnished, which is a separate action under Acts 1885, p. 225.

HEMINGWAY, J. The plaintiff brought action to recover a balance claimed to be due him on a note given for rent of a farm, and sued out an attachment in pursuance of the provision of the statute relating to landlord's liens. The defendant answered, admitting the execution of the note and alleging that it had been paid.

The cause regularly came on for trial, and, after a jury had been empaneled to try it, the cause had been stated, and the witnesses had been sworn, the plaintiff asked leave to file an amended complaint, alleging that the amount claimed was due for balance of rent and on account for surplus furnished in making the crop. The court refused to permit the amended complaint to be filed, and this is the principal error complained of. The only issue up to that time made by the pleadings was upon the defense that the note had been paid. The parties had prepared for trial upon that issue and upon no other. The defendant's liability upon account for advances had never been asserted. To have permitted the amendment, substituting another claim for the one originally sued on, would have entirely changed the issue, if it had not been the bringing of a new suit. If it be conceded that such change is within the statute regulating amendments, its allowance is within the discretion of

1. Amendment—Substitution of issue.

the court, and under the circumstances of this case the discretion does not appear to have been abused.

<span style="margin-note">2. Appropriation of payments.</span> There was no error in the court's refusal to charge the jury as requested by plaintiff. There was uncontradicted proof that the defendant had delivered to the plaintiff cotton to be sold, with directions that its proceeds be applied to the rent note, and that the proceeds exceeded the amount of the note. It was therefore the plaintiff's duty to have applied such proceeds to the extinguishment of the note, and a failure to do so could not be excused upon the ground that such application had been made to an account against the defendant. For this reason the plaintiff's second instruction was properly refused.

As the action was for rent due on a note, no recovery could have been asked on an account for supplies ; for this reason, if no other, plaintiff's first and third prayers were properly refused. Upon the facts of the case, as above stated, the charge given by the court was proper.

As the testimony offered by the plaintiff and excluded by the court related to a claim not in issue, it was incompetent and inadmissible.

There was no error prejudical to plaintiff, and the judgment will be affirmed.