## DAVIS *v*. GOODMAN.

Opinion delivered April 11, 1896.

UNLAWFUL DETAINER—JUDGMENT.—A judgment in unlawful detainer awarding defendant possession of a tract of land on which a house is situated will not be reversed where the complaint alleged plaintiff's title to the land, and that defendants were tenants of a house thereon, and were unlawfully holding possession of the "premises," and the writ of possession awarded plaintiff possession of the land, as well as the house.

APPEAL—AIDER OF PLEADING BY EVIDENCE.—The judgment of the trial court will not be set aside on appeal where it is in conformity to the evidence in the case, although the pleadings fall short of the facts in evidence, as the pleadings will be considered as amended to conform to the evidence.

APPEAL—OBJECTION NOT RAISED BELOW.—A judgment for defendant in an action of unlawful detainer will not be reversed on appeal for uncertainty and indefiniteness, because it gives to defendant such possession only as she had at the institution of the suit, if the defect was not called to the trial court's attention.

Appeal from St. Francis Circuit Court.

GRANT GREEN, JR., Judge.

*N. W. Norton*, for appellant.

The judgment is void for uncertainty. The suit as to Mrs. Goodman was only as to the house, and the judgment is in her favor for the whole quarter section of land, except a portion of the field which is indefinitely and uncertainly described. Judgment cannot be broader than the issues made. 1 Black, Judg., secs. 138-141. An uncertain reservation makes all pass under the grant. 11 So. 834.

The appellee, *pro se*.

The action was for S. W. ¼ sec. 11. The judgment is on the issues made, which involved the whole quarter section. The officer can easily identify the 24 acres

reserved. It is the land rented to Parker. The judgment is sustained by the evidence, and should be affirmed.

BUNN, C. J.   This is an action of unlawful detainer, instituted by appellant, D. Davis, against the appellees, Francis Goodman, Marion Parker, and George Parker, to recover the possession of the southwest quarter of section eleven (11), in township four (4) north, of range five (5) east, in St. Francis county; the complaint alleging ownership in the plaintiff, tenancy and possession under him by defendants of a house on said land for the years 1887 and 1888, and a holding over without right after the termination of said tenancy, and after due notice given in writing and demand of possession by plaintiff. Prayer for possession of the premises.

The answer denied occupation of the premises, to-wit, the house mentioned in the complaint as the tenants of plaintiff in the years 1887 and 1888; denied that defendants were ever in possession of, or detained, unlawfully and without authority, the premises in the year 1889 or at any other time; and also denied that plaintiff was damaged in any sum whatever.

The writ of possession was issued by the clerk, on bond being given by the plaintiff, and required the sheriff to take possession of the whole quarter section, without reference to the house thereon, and deliver the same to the plaintiff; and the sheriff was also required thereby to summon the defendants to appear. During the pendency of the action, the deaths of both Marion and George Parker were suggested and admitted, and J. S. Fitch was appointed administrator *ad litem* to defend for them, and the action progressed accordingly. The cause was tried by the court sitting as a jury, and upon the facts the court found for the defendant Goodman, and, as she claimed no damages, it rendered judgment upon its said findings as follows, to-wit: "It is by the

court considered, ordered, and adjudged that the defendant, Francis Goodman, do have and recover such possession of the premises, to-wit: southwest quarter of section 11, township 4 north, of range 5 east, except *twenty-four* acres in south field, as she had at the institution of this suit; and that Francis Goodman recover of plaintiff her costs; etc., not, however, to include any costs incurred on account of the deceased Parkers and Fitch, the administrator *ad litem.*

Form of judgment in unlawful detainer.

The error complained of by appellant is in the form of the judgment. The action being for a house on the quarter section of land, and not for the quarter section itself, he contends that the court erred in its judgment in extending the scope thereof to all the land of the quarter section, less the 24 acres adjudged to them, instead of confining the judgment to the house, since that was all the complaint and answer put in issue. It is not altogether certain what the language of appellant's complaint means, in respect to the description of the property involved. It may mean the house only, and yet there are just as strong, if not stronger, reasons to say it means the whole quarter section, since in the outset plaintiff claims to be the owner of the whole quarter section, and prays to be put in possession of the "premises" – quite an indefinite word, and dependent for its meaning on some going before. And the house is only mentioned in the complaint in that portion which charges the unlawful possession of defendants.

Furthermore, the plaintiff had possession given him by virtue of the writ issued by the clerk in the first instance, and his giving bond as the statute provides. That writ of possession calls for the whole quarter section, and is not confined in its scope to the house, and, as we have seen, the complaint is so inexplicitly worded as that the clerk may well be excused for wording the writ as he did. It does not seem altogether consistent

for the plaintiff to raise an objection to the judgment, which entered into the writ he sued out and holds under.

But, according to a uniform holding of this court, <sup>When pleading aided by evidence.</sup> the trial court's findings and judgment will not be reversed, when they are in conformity to the evidence in the case, notwithstanding the pleadings fall short of the facts in evidence, for in such case the pleadings will be considered as amended to suit the facts.

We see no real, substantial defect in the judgment <sup>Objection not raised below.</sup> except, perhaps, it left the descriptions of the land somewhat uncertain and indefinite, in this, that it gave to Goodman such possession as she had at the institution of this suit. And this defect would have doubtless been corrected by the court on motion, or a mere suggestion of plaintiff. This was not made by him, and we conclude that the defect does not materially affect him, and that he chose to waive it by not having it corrected at the proper time.

Upon the whole case, we think there was no substantial error in the proceedings of the court.

The judgment is therefore affirmed.