CARRAWAY *v.* MOORE.

Opinion delivered April 22, 1905.

1. PROBATE OF WILL,—CONCLUSIVENESS.—A judgment of the probate court admitting a will to probate is not subject to collateral attack. (Page 147.)

2. STATE LAND—FORFEITURE.—A forfeiture of State land for taxes is void, and one holding a donation deed based thereon acquires no title. (Page 148.)

3. EJECTMENT—IMPROVEMENTS.—It was not error to refuse to admit testimony as to improvements made by the defendant in an ejectment suit if no claim therefore was made in the answer. (Page 148.)

Appeal from Woodruff Circuit Court.

GUSTAVE JONES, Special Judge.

Affirmed.

*J. F. Summers,* for appellant.

The alleged will was not admissible for any purpose.   13 Am. & Eng. Enc. Law, 1038; Kirby's Dig. § § 8033-8047.

*J. N. Rachels,* for appellee.

The will was properly admitted in evidence.   Kirby's Dig. § 8030; 51 Ark. 281; 66 Ark. 623; 64 Ark. 150.   There were no

allegations as to improvements made, and evidence of the same was properly excluded. 1 Greenleaf, Ev. c. 1; 2 Ark. 513; 31 Ark. 203; 46 Ark. 132; 70 Ark. 505; 71 Ark. 484. Carraway got no greater title than the State had. 68 Ark. 157; 59 Ark. 150; 67 Ark. 184. There being no title in the State, nothing passed. 9 Am. & Eng. Enc. Law. 105; 33 Ark. 251; 34 Ark. 590; 18 Cal. 465; 7 Conn. 250; 44 Kan. 639; 87 Mo. 95.

BATTLE, J. J. L. Moore brought an action against B. W. Carraway to recover a tract of land. He alleged that he is the owner of the land, and entitled to possession thereof; that the land was conveyed by the State of Arkansas to Theodore B. Mills, and by Mills to John Bray, who died, leaving a last will and testament, and thereby devised the same to Sarah Evelyn Bray, and she conveyed it to plaintiff.

Defendant answered, and denied that plaintiff was the owner of the land, and claimed title thereto by virtue of a donation deed executed by the Commissioner of State Lands of the State of Arkansas. This deed shows that the State's claim thereto is a forfeiture thereof on account of the nonpayment of the taxes asserted against the same for the years 1874 and 1875, it having been sold to the State for such taxes.

The defendant excepted to the copy of the will of Bray as evidence of title, because it was not proved and probated according to law. His exceptions were overruled by the court. He offered to prove in the trial that he had made valuable and lasting improvements, of the value of $430, on the lands, believing that he was the true owner thereof; and the court refused to admit the testimony.

The plaintiff recovered judgment for the land, and the defendant appealed.

John Bray was a resident of the Province of Ontario, in Canada, and died there. He left a last will and testament, and it was proved and registered in "Her Majesty's Surrogate Court of the County of Brant," in that Province. It was afterwards offered to the Woodruff Probate Court for probate, and was by order of the court admitted to probate, and ordered to be spread upon the record of wills of Woodruff County. The court having

jurisdiction of the subject-matter, the probate of the will is not subject to a collateral attack. *St. Joseph's Convent* v. *Garner,* 66 Ark. 623, 629.

A copy of the will was recorded in White County, in this State, where the land in controversy is situated.

The land in controversy was the property of the State until some time in February, 1875, when it conveyed the same to Mills. It was not subject to taxation in 1874, and the sale or forfeiture of the same to the State, in part, for the taxes of that year is void; and appellant acquired nothing by his donation deed.

The trial court committed no error in refusing to admit testimony as to improvements made by the appellant upon the land in controversy and the value thereof. No claim for improvements was made in the answer, and for that reason it was properly excluded. If he desired to claim the value of such improvements, it was necessary for him to have done so by proper averments in his answer. *Moss* v. *Shear,* 25 Cal. 38, s. c. 85 Am. Dec. 94; *Moore* v. *Casey,* 116 Ga. 28; *Fitch* v. *Cornell,* 9 Fed. Cas. No. 4834; *Neff* v. *Pennoyer,* 17 Fed. Cas. No. 10085; 15 Cyc. 234, and cases cited.

The judgment is affirmed.