## WATERMAN *v.* IRBY.

### Opinion delivered October 14, 1905.

1. PRAYER FOR RELIEF—MISTAKE.—If the complaint states, and the proof establishes, facts sufficient to constitute a cause of action, relief should not be denied because the plaintiff is mistaken in the relief asked. (Page 553.)

2. SAME—AMENDMENT TO CONFORM TO PROOF.—Where the complaint asked for cancellation of defendant's tax deed, but the defendants, in their answer, treated the complaint as seeking a redemption, and tendered an issue as to the right to redeem, and the proof, without objection, was directed to that issue, the prayer of the complaint must be treated on appeal as amended to conform to that issue. (Page 554.)

3. REDEMPTION FROM TAX SALE—BURDEN OF PROOF.—The burden of proof rests upon one who seeks to redeem land from a .tax sale to sustain his own claim of title. (Page 554.)

4. DONATION DEED—PRESUMPTION.—A donation deed from the State is *prima facie* evidence of title, under the act of Dec. 23, 1840. (Page 554.)

5. SAME—WHEN PRESUMPTION NOT OVERTURNED.—The presumption in favor of a donation deed is not overcome by proof that the forfeitures of the land in question for certain years were void if there was no .

proof that the State's title thereto was based on forfeitures for either of those years.   (Page 554.)

6.  TAX TITLE—RIGHT TO REDEEM.—One whose ancestor paid the taxes on land under color of title has a lien thereon which entitles him to redeem the land from a tax forfeiture.   (Page 554.)

7.  SAME—TERMS OF REDEMPTION.—In suit to redeem land from a tax forfeiture, the court should order the redemption only upon the payment of all taxes and of the cash value of improvements, and should not order the land sold in aid of the effort to redeem.   (Page 555.)

8.  SAME—TIME FOR REDEMPTION.—In a tax redemption proceeding, the court should not fix the time for plaintiff to redeem, as the time is fixed by statute.   (Page 555.)

Appeal from Desha Chancery Court.

M. L. HAWKINS, Chancellor.

Reversed in part.

STATEMENT BY THE COURT.

This is a suit in equity brought by Stephen W. Irby, a minor, suing by next friend, against the defendants, Waterman, Witherspoon and Smith, to redeem lands of the plaintiff sold for taxes. He claims title to the lands in question under a donation deed from the State to Warren C. Irby, dated February 12, 1872, and alleges that the latter, on August 4, 1874, conveyed the lands to Joseph F. Irby, plaintiff's father, who died December 9, 1886, leaving the plaintiff his only heir at law. He further alleges that Joseph F. Irby paid taxes on the lands from the date of the conveyance to him until his death, and that said Warren C. Irby and Joseph F. Irby made valuable improvements on said lands, and occupied the same from 1872 to 1886, a period of more than fourteen years. Waterman purchased the land at tax sale on June 11, 1891, and, after receiving a deed, went into possession, and made valuable improvements on the land, and subsequently sold portions thereof to Witherspoon and Smith.

The defendants answered, denying that plaintiff has any interest in the land, or is entitled to redeem, and alleging that the forfeiture for taxes upon which the State's title to the land was based was void on account of certain alleged defects in the assessment and sale. The cause was heard by the court upon the pleadings, depositions of witnesses and documentary evidence, and a final decree was rendered, finding that the plaintiff was

the owner of the lands at the time of the tax sale to defendant
Waterman, and is entitled to redeem therefrom; that said defend-
ants had expended the sum of $957.50 in taxes and improvement,
and were entitled to re-imbursement of that sum, less the rents
$453.32 received since the offer to redeem, leaving the net sum of
$504.18, which was declared to be lien upon said lands; that, upon
the payment of said sum by plaintiff, the lands would stand
redeemed from said sale, and the tax deed to defendant Waterman
be canceled, and that, if the same be not paid on or before the day
fixed by the court, the lands be sold by the commissioner of the
court, and the proceeds be applied in discharge of said lien, and
balance be paid to the plaintiff.

The defendants appealed.

*Mehaffy & Armistead,* and *E. S. Pindall,* for appellants.

The controversy is settled by Kirby's Digest, § 5061; and
appellee, though a minor, is not excepted.   53 Ark 418; 71 Ark.
117; 57 Ark. 523; 58 Ark. 151; 59 Ark. 460; 60 Ark. 499; *Id.*
163; 71 Ark. 390.   It was error to award immediate possession,
and to provide for sale by commissioner.

*J. W. Dickinson,* for appellee.

Appellee is entitled to redeem.   69 Ark. 132; 52 Ark. 132;
Sand & Hill's Dig. § 4596.

McCULLOCH, J., (after stating the facts.)   1.   Counsel for
appellants contend, first, that the chancellor erred in treating
this as a suit to redeem.   The complaint contains all the alle-
gations essential to that relief, and no other, though the prayer
is only that the tax sale be canceled, and the land decreed to
belong to the plaintiff.

Under a prayer for general relief, the court may grant any
relief that the facts stated and proved will warrant, although it
may be inconsistent with the special relief prayed.   *Kelly's
Heirs* v. *McGuire,* 15 Ark. 555; *Shields* v. *Trammell,* 19 Ark. 62;
*Dews* v. *Cornish,* 20 Ark. 332; *Chaffe* v. *Oliver,* 39 Ark. 531.   If
the complaint states, and the proof establishes, facts sufficient to
constitute a cause of action, relief should not be denied because
the plaintiff is mistaken in the relief asked.   *Ashley* v. *Little
Rock,* 56 Ark. 391.

Moreover, the defendants in their answer treated the complaint as seeking a redemption, and tendered an issue as to the right to redeem. The proof was, without objection, all directed to that issue, and the prayer of the complaint must be treated as amended to conform to that issue. *Davis* v. *Goodman,* 62 Ark. 262. The appellants cannot take advantage here, for the first time, of a defect in the prayer for relief.

2. It is next contended that the tax sale, which was the basis of the State's donation deed to Warren C. Irby, was void, and that on that account the alleged title of appellee failed.

The burden was upon appellee to prove that he was the owner of the lands at the time of the tax sale to Waterman, and to sustain his claim of title he introduced the donation deed and copy of the certificate of improvement. This made a *prima facie* case, and cast upon appellants the burden of showing that the tax forfeiture was invalid. *Thornton* v. *St. L. Refrigerator & Wooden Gutter Co.,* 69 Ark. 424. The statute in force at the time of the donation in question provided that the donation deed and certificate of improvements "shall be evidence in all the courts of a good and valid title in the donee, his heirs and assigns, and shall be evidence that the lands had been regularly forfeited by the original owner, that the State had properly donated its right thereto, and such evidence shall be received by the courts." Act Dec. 23, 1840.

Appellants, to sustain their attack upon the donation deed, introduced in evidence the records of the levying court and the record of tax sales for the years 1865 and 1866, which tended to show that the lands were sold for taxes and cost in excess of the amount lawfully assessed. There is no proof, however, in the record that the State's title was based on forfeitures for either of those years, and the *prima facie* case made out by the donation deed is not overcome. There may have been a valid forfeiture subsequent to those years, and, in giving force to the statute, we must presume that there was until the contrary be shown.

The right of appellee to redeem the land must also be sustained upon another ground, about which there is no dispute in the pleadings. His ancestor, who held under the donation deed, paid taxes on the lands for a number of years, and, having

a lien therefor, it constituted such an interest in the lands as entitled him to redeem. *Smith* v. *Thornton,* 74 Ark. 572. The writer hereof does not approve the doctrine just stated. He expressed his dissent therefrom in the case just cited; but the question must now be treated as settled by the decision in that case, and it is conclusive of the case at bar.

3. The chancellor erred in decreeing a sale of the lands for the amount found to be due appellants by appellee to accomplish the redemption. The right to redeem from tax sales is one conferred by statute upon the terms therein named, *i. e.* the payment of all taxes and cash value of improvements. Kirby's Digest, § § 7095, 7115. When the amount is ascertained, it must be paid before the redemption is accomplished. The court should not order the lands sold in aid of the effort to redeem. If the claimant asserts the right to redeem, he must pay the proper amount when ascertained.

Nor should the court have fixed any time within which appellee should redeem. The statute fixes the time, and appellee may still redeem by paying the amount fixed by the court.

The decree is affirmed, in so far as it declares the right of appellee to redeem and fixes the amount to be paid in redemption, but is reversed as to the order for sale of the lands.