RUCKER *v.* MARTIN.

Opinion delivered March 28, 1910.

1. PLEADING—AMENDMENT—DISCRETION OF TRIAL COURT.—In allowing
amendments of pleadings to conform to the proof a large discretion
is vested in the trial court, and its action will be sustained upon
appeal unless there has been a manifest abuse of discretion, and the
complaining party has been materially prejudiced thereby. (Page 366.)

2. SAME—AMENDMENT TO CONFORM TO PROOF.—Where the trial court
would have been justified in permitting a pleading to be amended,
even after the report of a master had been filed, and where evi-
dence as to the issue was fully developed, and the case was fully tried
by the lower court, the cause will be tried on appeal as if the pleading
had been amended to conform to the proof. (Page 367.)

Appeal from Mississippi Chancery Court; *Edward D. Rob-
ertson,* Chancellor; affirmed.

*S. S. Semmes,* for appellant.

To entitle defendant to recover for the value of improve-
ments made, he must claim them in his answer. 75 Ark. 146;
15 Cyc., p. 234.

*W. J. Lamb* and *J. T. Coston,* for appellee.

No variance between the pleading and proof will be deemed
material unless it misleads the adverse party. Kirby's Dig., §
6140. The pleadings will be treated as amended to correspond
with the proof. 29 Ark. 330; 62 Ark. 434.

FRAUENTHAL, J. This is an appeal from so much of the
decree of the lower court as gave to the appellees compensation
for the value of improvements made by them upon the land in
controversy. The appellants instituted this suit in the circuit
court for the recovery of the land, and in their complaint set
forth their written evidences of title. The appellees filed an
answer, in which they alleged that they were the owners of
the land and took possession thereof under certain written evi-
dences of title. In their answer they did not allege that the
appellees had made any improvements or paid any taxes on the
land, and did not therein pray for any recovery thereof. With-
out objection the cause was transferred to the chancery court,
and that court entertained jurisdiction thereof, and proceeded
to try the case without any objection from any of the parties.
The cause was heard by the court upon the testimony of a num-

ber of witnesses taken 'by depositions, and the court entered a decree in favor of the appellants for the recovery of the land; but in the same decree it found that appellees were entitled to recover for the value of the improvements made by them on the land during certain years, and the taxes paid by them less the rents; and it appointed a master to take testimony relative to said improvements, taxes and rents and to state an account as to same. To this finding and decree no objection was made by either party. Thereafter the appellants and appellees introduced witnesses before said master, who gave their depositions relative to the improvements made on the land and their values, the taxes paid and the rents of the land. These matters were fully investigated and developed by this testimony, and the appellants made no objection to the introduction of any of this testimony. At the following term of the court the master made his report, and the appellants filed exceptions thereto, one of which was on the ground that allegations relative to improvements had not been made in the answer. The court approved the report of the master, and entered a decree in favor of appellees for the value of the improvements.

The sole ground presented by counsel for appellants for his contention that the value of the improvements should not be allowed is that the answer contains no allegations of any improvements having been made. He does not claim that the appellants were taken by surprise by the consideration of the issue as to improvements, or that the issue was not fully developed by the evidence taken thereon. He does not contend that the finding of the chancellor as to the value of the improvements is not sustained by the evidence, or that the appellees would not have been entitled to recover their value if the making of the improvements had been alleged in the answer. It is true that in a suit for the recovery of land, if the defendant desires to claim the value of improvements made thereon by him, he should make proper averments relative thereto in his answer; and if he does not do this, no error is made by the lower court in refusing to admit testimony relative thereto. *Carraway* v. *Moore,* 75 Ark. 146; 15 Cyc. 234.

But an entirely different question arises when the lower court has admitted testimony relative to such improvements without objection, and the issue is as fully developed by the evi-

dence as if the allegations relative thereto had been made in the pleading. In such event upon appeal the error, if any, must have been prejudicial, so as to have worked an injustice. It will be deemed then that the pleading has been amended to conform to the proof. The statutes of amendments are remedial, and they should be and are construed and applied liberally in favor of the privilege of amending. By section 6140 of Kirby's Digest it is provided that "no variance between the allegation in the pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." By section 6145 of Kirby's Digest it is provided that the court may at any time in furtherance of justice amend any pleading by inserting other allegations material to the case. And by section 6148 of Kirby's Digest it is provided: "The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Under these provisions of the statute it has been held by this court that where the parties to a cause have directed their proof to a certain issue consistent with the original claim or defense, but not within some allegations made by the pleadings, an amendment of such pleadings will be allowed to conform to the proof. *Trippe* v. *DuVal,* 33 Ark. 811; *Caldwell* v. *Meshew,* 53 Ark. 263; *McMurray* v. *Boyd,* 58 Ark. 504; *Railway Company* v. *Dodd,* 59 Ark. 317.

And such amendment may be allowed after all the evidence has been admitted, or after a reference to a master or after his report. 1 Enc. Plead. & Prac. 483; 31 Cyc. 401.

The allowance of such an amendment is left largely to the discretion of the lower court, and such action will be sustained upon appeal unless there has been a manifest abuse of discretion and the complaining party has been materially prejudiced thereby. *Mohr* v. *Sherman,* 25 Ark. 7; *King* v. *Caldwell,* 26 Ark. 405; *Atkinson* v. *Cox,* 54 Ark. 444; *McFadden* v. *Stark,* 58 Ark. 7.

In this case, therefore, the lower court would have been justified in permitting the pleading to have been amended by

inserting allegations as to this issue at any time of the proceeding, even after the report of the master had been filed, if it had been asked; but the court seems to have proceeded upon the principle that it would consider the amendment as made, without making a formal order to that effect. In such case where evidence as to the issue omitted from the pleading has been fully developed, and the matter has been fully tried by the lower court, this court upon appeal will consider that the pleading has been amended to conform to the proof. In 1 Ency. Plead. & Prac. 608, it is said: "Defects in the pleadings or proceedings which the trial court would have given leave to amend, had application been made, will be considered as amended in the appellate court in order to support the judgment where the merits of the case have been fully tried." *Hanks* v. *Harris,* 29 Ark. 330; *Texarkana Gas & Elec. Light Co.* v. *Orr,* 59 Ark. 215; *Shattuck* v. *Byford,* 62 Ark. 434; *Bank of Malvern* v. *Burton,* 67 Ark. 426.

In this case an order was made by the court directing a master to take proof as to this sole issue. At the time no objection was made to this order by the appellants; and they and the appellees fully developed upon both sides their evidence as to that issue. The appellants were in no manner misled or prejudiced by the failure to formally amend the answer by inserting allegations as to this issue. The court and the parties considered it so amended, and upon this appeal it will be considered as so amended.

The decree is affirmed.