SPRAWLS *v.* HAWKINS.

4-8388                                   207 S. W. 2d 42

Opinion delivered January 12, 1948.

628

*Charles W. Ivie, Rex W. Perkins* and *G. T. Sullins*, for appellant.

*F. O. Butt* and *Dewey Glass*, for appellee.

MINOR W. MILLWEE, Justice. The parties to this suit are sisters and the sole heirs at law of W. T. Hawkins who died in Madison county, Arkansas, January 4, 1947. On January 28, 1947, appellant, Elsie V. Sprawls, filed suit against appellees, Pollie O. Hawkins and Irma Pardue, her sisters, to cancel two deeds executed by their father on January 2, 1947, conveying 121 acres of land to appellee, Pollie O. Hawkins.

Appellant alleged in her complaint that at the time the deeds were executed her father was wholly incompetent to transact business, or understand the nature and consequences of his acts, by reason of age and infirmities; that appellee, Pollie O. Hawkins, procured the execution of said deeds by undue influence used upon her father at a time when he was mentally incompetent; and that said deeds were executed without consideration. It was further alleged that each of the parties was the owner of an undivided one-third interest in the lands as co-tenants. The prayer of the complaint was for cancellation of the deeds and partition of the lands according to the respective interests of the parties.

The answer of appellee, Pollie O. Hawkins, admitted the execution of the deeds to her by her father and denied

other allegations of the complaint. A similar answer was filed by appellee, Irma Pardue, in which she denied incompetency of her father to execute the deeds to her sister and asked that the deeds be sustained in conformity with the wishes of her father.

Upon a trial of the issues the chancellor on exchange rendered a decree dismissing the complaint of appellant for want of equity and this appeal follows.

Although the only grounds alleged in the complaint for cancellation of the deeds were the mental incapacity of the grantor and undue influence of the grantee, appellant introduced testimony, without objection, in an effort to show that the deeds were executed by deceased in blank and that there was a want of delivery of the deeds. The appellees also introduced evidence, without objection, to establish the existence of an oral agreement between appellee, Pollie O. Hawkins, and her father whereby the latter agreed to convey the lands to her in consideration of services performed by her in caring for him and her agreement to continue to do so during his lifetime.

The evidence for the most part is not in serious conflict and is to the following effect: W. T. Hawkins resided on his farm about three and one-half miles west of Hindsville, Arkansas, with his wife and three daughters. About 15 years ago appellant, Elsie V. Sprawls, and appellee, Irma Pardue, the two younger daughters, married and moved to homes of their own. Appellee, Pollie O. Hawkins, remained with her parents assisting in the household and farm duties and caring for her parents. Mrs. Hawkins died in April, 1944, and W. T. Hawkins was afflicted with a disease of the kidneys for 13 months prior to his death on January 4, 1947, at the age of 73. At times he suffered painful attacks and his daughter, Pollie, nursed and took care of him and performed other duties of the household.

Prior to January 2, 1947, W. T. Hawkins had requested A. H. Berry to come to his home to make some deeds. Berry arrived on the morning of January 2, accompanied by his son and a notary public. Hawkins in-

formed Berry that he wanted to deed his lands to his daughter, Pollie O. Hawkins, and furnished the scrivener with his old deeds for the purpose of obtaining a description of the lands to be conveyed. One of these deeds was made to deceased as "W. T. Hawkins," and the other as "Tom Hawkins." Hawkins signed two deeds to two separate tracts, as the old deeds were made to him, and acknowledged his signature before the notary public. Berry did not have his typewriter and the descriptions were typed in the deeds at his home shortly after Hawkins signed them. It is not clear from the testimony whether there were blanks, other than the description, filled in after Hawkins signed the two deeds. The notary public executed the acknowledgment on the morning of January 3, 1947. On the same date Hawkins suffered a severe physical attack and was taken to a doctor's office in Huntsville, Arkansas, where he died the following day. The two deeds were turned over to Pollie O. Hawkins on January 6, and were recorded on January 8, 1947.

Appellant and two other witnesses gave it as their opinion that the deceased was not competent to execute the deeds when they were made, while the appellees, two younger brothers of the deceased and other witnesses testified to the mental competency of the deceased at said time.

Appellee, Pollie O. Hawkins, testified that her father agreed to convey the land to her in consideration of the services which she had performed and her agreement to continue to take care of him as long as he lived. This testimony was corroborated by that of several other witnesses including the two brothers of the deceased, who testified that the latter had on several occasions, prior to the execution of the deeds, asserted his intention of deeding the property to his daughter, Pollie, because of the services she had rendered in caring for him and which she would be obligated to render for the balance of his life. The two deeds recite a consideration of "services rendered and to be rendered" by the grantee, Pollie O. Hawkins. According to the testimony of the scrivener, this provision was placed in the deeds after

deceased told him why he wanted the deeds made to his daughter, Pollie.

There is an absence of evidence indicating any undue influence used by Pollie O. Hawkins upon her father to procure execution of the deeds. As to the mental capacity of the grantor, the preponderance of the evidence is to the effect that deceased was in full possession of his mental faculties at the time he executed the deeds. Without attempting to detail the testimony on this issue it may be said that the conclusion as to mental incompetency of deceased expressed by witnesses for the appellant is unwarranted by the facts upon which such opinion was based. There was evidence that deceased was suffering considerable physical pain several hours after he executed the deeds although he appeared to be alert mentally even at that time.

The principal contentions for reversal of the decree are that the deeds are void for the reason, (1) that blanks were filled in the deeds after they were executed without written authority of the grantor, and, (2) there was no delivery of the deeds. The record fails to show a formal amendment of the complaint to allege these objections to the validity of the deeds. However, since testimony was adduced thereon without objection, the complaint should be treated as amended to conform to the proof. By the same token the answer of appellees should be treated as amended to conform to the proof of the establishment of an oral contract to convey the lands existing between the grantor and his daughter, Pollie. In *Kahn* v. *Metz*, 88 Ark. 363, 114 S. W. 911, this court said: "It is objected that the settlement was not pleaded in the answer. But the evidence of the settlement and the written receipt evidentiary of it were received without objection. It is an undisputed fact of the case, only its effect being a matter of controversy. It is permissible under the Code to amend pleadings to conform to the proof; and on appeal, where the pleadings have not been so amended, they are considered amended to conform to the testimony which has been adduced without objection. *Railway Co.* v. *Triplett*, 54 Ark. 289, 15 S. W. 831, 16 S. W. 266; *Davis* v. *Goodman,* 62 Ark. 262, 35 S. W. 231;

*Waterman* v. *Irby,* 76 Ark. 551, 89 S. W. 844; *Young* v. *Stevenson,* 75 Ark. 181, 86 S. W. 1000. This principle has been applied to answers as well as complaints. *Shattuck* v. *Byford,* 62 Ark. 431; *Trippe* v. *DuVal,* 33 Ark. 811.

"This is an equity case, where the trial here is *de novo* on the record as made in the chancery court, and the pleadings will be considered amended here to' conform to defenses made out by evidence introduced without objection." Other cases to this effect are collected in West's Ark. Digest, Vol. 2, Appeal & Error, § 889(3).

Under this state of the record we find it unnecessary to determine whether the deeds were void for the reasons urged by appellants. Regardless of the validity of said deeds, when all the pleadings are treated as amended to conform to evidence adduced without objection, we hold that the oral agreement of deceased to convey the lands to his daughter, Pollie, in consideration of antecedent services and the further agreement to continue to care for deceased during his lifetime, was established by clear, satisfactory and convincing evidence. Pollie O. Hawkins testified to the existence of such agreement. The fact that she also testified that she would have cared for her father without an agreement does not minimize her rights thereunder. Other relatives and neighbors of the deceased testified concerning his statements made over a period of several months prior to the execution of the deeds which tend to corroborate the testimony of Pollie O. Hawkins and show the existence of the agreement. A witness for appellant testified that he offered employment to Pollie O. Hawkins at a canning factory shortly before the deeds were executed and was informed by deceased that his daughter would get more by caring for him than she could earn at the factory. The fact that the deeds recited a consideration of services rendered and to be rendered by the grantee is a strong circumstance indicating the existence of the oral contract to convey the lands.

It follows that title to the lands passed to appellee, Pollie O. Hawkins, under the oral contract regardless of

the validity of the deeds. The trial court correctly dismissed the complaint of appellant and the decree is affirmed.