## BUCKNER v. WARREN.

LEASE: *Non-payment of rent, no forfeiture of: Unlawful detainer.*

The non-payment of rent is no cause for the forfeiture of a lease, unless it is expressly so provided. The tenant can retain possession until the end of the term, though it be morally certain that the landlord will receive no rent. But if he expressly repudiate the obligations of the lease, and by words and equivalent acts declare that he will not perform them, the landlord may treat the lease as rescinded and regain possession by unlawful detainer.

APPEAL from *Washington* Circuit Court.

Hon. W. F. PACE, Circuit Judge.

*B. R. Davidson,* for Appellent.

The facts alleged amounted to a rescision of the contract and authorized the landlord to treat the lease as terminated.

The abandonment of a contract by one, authorizes the other to disaffirm. *22 Ark., 260; 20 Ib., 454; 11 Am. Law Reg., N. S., 259.*

SMITH, J. This action of unlawful detainer was begun on the twenty-second of February, 1882. The plaintiff

alleged that he had leased his farm to the defendant for the year 1882 ; that the defendant agreed in writing to cultivate the land in a husband-like manner, and to deliver to the plaintiff one-third part of the crops to be raised thereon ; that the defendant, after obtaining possession of the premises, had notified the plaintiff that he would not cultivate the land, but intended to hold possession of the buildings without the payment of rent, or compliance with his contract ; and that the plaintiff had made demand, in writing, upon the defendant for the surrender of the premises. A writ of possession was issued at the commencement of the action, under which the plaintiff was put in possession.

To this complaint a general demurrer was sustained. And the plaintiff declining to plead further, a jury was empaneled, who assessed the defendant's damages, by reason of being turned out of possession, at $150, for which final judgment was rendered.

The non-payment of rent is no cause of forfeiture of a lease, unless it is so expressly provided. The tenant can retain possession to the end of his term, though it may be morally certain that his landlord will never receive any compensation for the use of the premises demised.

Non-payment of rent no forfeiture of lease.

But the complaint alleges, and the demurrer admits, that the defendant has repudiated the obligations of his lease— that in words and by equivalent acts, he will not go forward with it.

Notwithstanding the term may not have expired, yet it is possible the further performance of the contract by the landlord may be excused by conduct on the part of the tenant wholly at variance with the spirit. "Whenever one party to a contract refuses to execute any substantial part of his agreement, he thereby gives to the other party the option to rescind the entire contract by offering to restore what he has received and replacing the parties" in *statu quo*. *Webb v. Stone, 4 Foster (N. H.), 282 ; Bishop on*

*Contracts, sec. 677; Chitty on Contracts, 11 Ed.. 1091.*

This rule was applied in *Miller v. Thompson, 22 Ark.,*
*258,* where Mr. JUSTICE FAIRCHILD observed: "The
refusal of either party to abide by or perform his part of
the contract, would justify the other party in treating it as
at an end, and would entitle him to the rights that the law
would have given him had there been no contract."

*Posses-*
*sion re-* If the facts are as set out in the complaint, the defend-
*gained by*
*certiorari.* ant had himself abandoned the contract. This authorized
the plaintiff to disaffirm it, and to regain possession of his
land by this summary process.

Reversed and remanded for further proceedings with
directions to overrule the demurrer to the complaint.

### CONCURRING OPINION BY

EAKIN, J. I prefer to state definitely the grounds upon
which I concur in remanding this case for further proceed-
ings.

I do not think that, as a general rule, a breach by the
lessee of even material covenants in a lease, would author-
ize a landlord, at his option, to terminate the lease, and
bring unlawful detainer. I think the true rule is as laid
down by Mr. WOOD in his treatise on *Landlord and Ten-*
*ant,* that he cannot determine the lease on the breach of
the tenant's express covenant, unless the lease contains
express provision for re-entry in case of a breach. *Secs.*
*506 and 540.*

A tenancy is always determinable, however, on breach of the
*conditions* implied from the relation of landlord and ténant, or
from the terms of the lease. Covenants are not condi-
tions, although provisos are generally so. Even they are
not, when any penalty besides forfeiture is annexed to the
breach. I desire to avoid any expressions which may be
construed as pointing to a doctrine which I think danger-
ous, and may be oppressive, to-wit: That a landlord, sim-

ply from breach of a tenant's covenants, may determine the
lease and put him out.    If tenants are willing to risk that,
it should be shown by express conditions in the lease.

The case made by the complainant may be considered a fla-
grant one of fraud and repudiation of the essential obliga-
tions which spring from the relation of landlord and ten-
ant.    If unanswered or  unexplained, it is sufficient to
authorize the court to consider the tenancy as abandoned
by defendant, and his holding to be by force.   It should
be answered.   We cannot, on demurrer, notice the terms
of the lease, which is notexhibited.