LITTLE ROCK GRANITE CO. *v.* SHALL.

Opinion delivered July 14, 1894.

1. *Equity—Forfeitures.*
   A court of equity will not enforce a forfeiture, but will leave the party entitled to it to his legal remedies.

2. *Practice—Equity.*
   Where an action, properly brought at law, was transferred to equity without objection, it will be determined according to the practice and principles prevailing in courts of equity.

3. *Forfeiture—Waiver.*
   Where there has been a breach of a contract of lease sufficient to cause a forfeiture, and the party entitled thereto, either expressly or by his conduct, waives it, equity will relieve the defaulting party from a forfeiture unless the violation of the contract was the result of gross negligence, or was wilful and persistent.

4. *Forfeiture for failure to pay money—Relief in equity.*
   Where a lease contains a condition that the lessee shall pay rent at a specified time or forfeit the lease, at the option of the lessor, equity will relieve against a forfeiture for breach of such condition, upon the notion that such condition and forfeiture are intended merely as a security for the payment of money the amount of which can be ascertained.

5. *Forfeiture—Waiver.*
   Where a lessee of a stone quarry agreed to pay a specified royalty for all rock sold, and to furnish the lessee copies of all contracts to deliver rock before delivery of the same, and agreed that a failure to do so should forfeit the lease, at the option of the lessor, a forfeiture of the lease for failure to deliver copies of such contracts will be held to be waived where the lessor for

several years demanded and received the royalty for rock quarried, without objecting that copies of the contracts of delivery were not furnished.

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

*E. W. Kimball* and *Caruth & Erb* for appellant.

Courts of equity have always abhorred forfeitures and refused to enforce them, and, latterly, courts of law have done likewise. When a tenant has forfeited his lease by breach of the covenant to pay rent, courts of law and equity consider the clause of re-entry as a mere security, and will interfere in the tenant's behalf, although all the formality of a common law demand may have been complied with. Taylor on Land. & Ten. sec. 495; 1 Bush, 173; 11 Metc. (Ky.) 112. No demand was made here, and there can be no forfeiture. Wood, Land. & Ten. sec. 452, p. 472. None of the breaches are sustained by the proof.

*Blackwood & England* for appellee.

This is not an effort to forfeit a lease for non-payment of a *fixed* rent on a *fixed* day, and the authorities cited by appellant are not in point. The rent was contingent, and was to be determined by the covenants in the lease, and paid at least once a month. Instead of thirty-six payments, only three were made—two of them after suit. Whatever may be the rule in case of *fixed* rents, as in 1 Bush, 173, they will not relieve against a a breach of a covenant or condition, such as to repair, to render an account, to pay taxes, etc., and such covenants as in this case, inserted not as security for rent, but as a guaranty of the amount of rent, etc. 2 Story, Eq. secs. 1319, 1320, 1321; 1 Pom. Eq. sec. 454; 2 *ib.* sec. 826, note 2; 2 Taylor, Land. & Ten. sec. 496. See, also, 96 Pa. St. 310.

WOOD, J.   This was an action at law, brought in the Pulaski circuit court, to recover the possession of a tract of land, embracing a rock quarry, belonging to the plaintiff, Elizabeth S. Shall, and leased to the assignor of the defendant, the Little Rock Granite Company, in 1887, for a period of ten years.   The lease contains certain covenants whereby the lessee bound himself to pay seven cents per cubic yard for all rock sold or taken from the quarry, to be paid as the work progresses, "or at least as often as once per month for all rock delivered to that date;" and also to furnish copies "of all contracts to deliver rock before the delivery of the same."   He further agreed that a failure to do a reasonable amount of work—that is, to work at least an average of ten men per month for three consecutive months—"should forfeit the lease at the option of the lessor;" and also, at her option, the lease should be forfeited by a failure to perform either of the other covenants mentioned, or to use the quarry in a workmanlike manner, and with proper drains.

The lease was assigned to the defendant in October, 1889, with the consent of the plaintiff's agent, and this suit was commenced in February, 1891.   The complaint alleges the non-payment of any rent or royalty by the Granite Company, and that it has broken all the other covenants of the lease.   The prayer is for a judgment forfeiting the lease, and for recovering the rent due, and for the possession of the demised premises.

The answer alleges a tender of all sums due under the lease, and denies a breach of either of the covenants. It contains a statement of the reason why the rents were not paid, and alleges a readiness and willingness at all times to settle, and that it was not the company's fault that the settlement had not been made.   In short, the answer contains matters of equitable defense against forfeiture, and concludes with a prayer that the cause

be transferred to the Pulaski chancery court. On motion of defendant the case was transferred to the chancery court, without objection, where the cause was heard upon conflicting evidence as to the material matters in issue, and a decree rendered forfeiting the leasehold estate of the defendant, and for the possession of the premises, and the recovery of a sum found due as rent. The defendant appealed.

**1. Equity will not enforce forfeitures.** It is well settled that equity, as a general rule, will not enforce a forfeiture. In *Marshall* v. *Vicksburg*, 15 Wall. 146, it was said: "Equity never, under any circumstances, lends its aid to enforce a forfeiture." The rule is not less broadly stated in Story's Equity, and by the authorities generally. 2 Story, Eq. sec. 1319; 4 Kent. Com. 131. Mr. Pomeroy says that there are some apparent, but no real, exceptions to this doctrine, and that it is well settled "that a court of equity will not enforce a forfeiture, but will leave the party entitled to it to his legal remedies, if any, even though the case might be one in which no equitable relief would be given to the defaulting party against the forfeiture." 1 Pom. Eq. Jur. secs. 459, 460.

The plaintiff, desiring a forfeiture, selected the proper forum to declare it; and she was clearly entitled to have the law court pass upon the question, notwithstanding the filing of an answer containing some grounds of equitable defense. Mansf. Dig. secs. 1380, 1381, 4929; Act April 1, 1885, sec. 12; see, also, Mansf. Dig. secs. 5033, 5408, 5409. All the breaches complained of, that could be held sufficient to forfeit the lease, were denied, and the answer does not set up any matter to avoid a forfeiture that would not have been available in the circuit court; for a court of law, though not clothed with all the powers of a court of equity to grant relief in such cases, will construe with strictness the conditions on which a forfeiture is claimed, and a cause of

action to recover damages for a breach of the covenant does not necessarily carry with it the right to a forfeiture. A forfeiture is odious to the law, and a court of law may not only grant relief against it, upon an equitable defense, but will ordinarily refuse to enforce it because of a failure to perform an act the performance of which has not been demanded, or where compensation can be *made to the party complaining. Atkins* v. *Chilson*, 11 Met. (Mass.) 117; *Insurance Co.* v. *Norton*, 96 U. S. 242; *Bowman* v. *Foot*, 29 Conn. 341; *Tate* v. *Crowson*, 6 Ired. (N. C.) 65.

But, while it was the right of plaintiff to have the court of law determine this cause, it appears that she waived this right by not objecting to the transfer, provided the answer contains matters of equitable cognizance. The answer, as to the failure to pay rents and furnish copies of contract, was in the nature of confession and avoidance. It admitted that the rents had not been paid, and, virtually, that copies of contracts had not been furnished. But it seeks to avoid a forfeiture on account of such failure (especially to pay rents) by setting up matters which would give a court of equity jurisdiction. And while the answer does not pray for affirmative relief, and is not made a cross bill, in express words, such was the evident purpose of the motion to transfer; and the only legitimate effect of the equitable defense, when proved in a court of chancery, would be relief against the forfeiture. The question then is, should appellant be relieved against a forfeiture?

2. Practice in equity.

This cause, being here on appeal from the chancery court, must be determined according to the practice and principles prevailing in courts of equity.

Mr. Pomeroy says: "If there has been a breach of the agreement sufficient to cause a forfeiture, and the party entitled thereto, either expressly or by his conduct, waives it or acquiesces in it, he will be precluded

3. When forfeiture waived.

from enforcing the forfeiture, and equity will aid the defaulting party by relieving against it, if necessary." 1 Pomeroy, Eq. Jur. sec. 452. But equity will not relieve against a forfeiture where the "violation of the contract was the result of gross negligence or was wilful and persistent." 1 Pomeroy, Eq. Jur. sec 453.

Measuring the conduct of the parties litigant by these fundamental principles, we conclude, if there was a forfeiture in this case, appellant should be relieved against it. The testimony shows conclusively—there being no proof to the contrary—that, for a period of over two years from the execution of the lease to the time the appellant took possession under the transfer, there had been no certified copies of contracts for rock quarried furnished appellee. She had not asked for any, and none were given. But during all this time there was no demand for a forfeiture on account of such failure. On the contrary, it appears that appellee received the rents or royalty for all this time, and there is no proof of any complaint because of the failure to furnish copies of contract, as per the stipulations of the lease in this particular. The proof shows, during this period, all the other conditions of the lease were fully complied with. Nor does it appear that there was ever any demand for copies of contracts until some time in November, 1890—something more than a year after appellant had been operating the quarry—and even this testimony as to demand for copy of contracts is contradicted by two witnesses.

But it is conceded in the answer, and the proof shows, that the rents were not paid, nor the copies of contracts furnished, according to the provisions of the lease; and it was doubtless for these reasons that the chancellor declared a forfeiture; for the proof as to the quarry being worked continuously, and in a workmanlike manner, and with the quota of men as required by

the covenants of the contract of lease, was not sufficient to support a finding of forfeiture—only the positive testimony of one witness on these points, and that contradicted by a number of witnesses, who, so far as we are able to judge from this record, were in a position to know more about the facts, for they were connected with the quarry, and were familiar with its management, and the work done there, and so far as we know the witnesses are equally credible.

As to the failure to pay rents, it is the law that a court of equity will relieve the lessee and set aside a forfeiture for a breach of the condition to pay rents at a time specified or forfeit the lease, "upon the notion that such condition and forfeiture are intended merely as a security for the payment of money," the amount of which can be ascertained. 1 Pomeroy, Eq. Jur. 453; Wood, Landlord & Tenant, sec. 449; 2 Story, Eq. sec. 1321, 1322; *Hill* v. *Barclay*, 18 Ves. 58.

4. Relief against forfeiture for failure to pay money.

The provision with reference to furnishing copies of contracts was doubtless intended to furnish appellee a method for the ascertainment of the correct amount of royalty coming to her from all rock taken from her quarry under written contracts. The words "certified copies" used in the lease indicate this. It is conceded that this was not done, but we are of the opinion that the conduct of appellee was a clear waiver of her right to a forfeiture on that account. For years the quarry had been worked, large amounts of rock had been quarried, royalty received, and no copy of contracts furnished, and none ever demanded, until a few months prior to the institution of this suit—if they were demanded at all, which is denied. It will be borne in mind that appellee had the option, under the lease, to forfeit same upon the failure on the part of the lessees to comply with the terms of the lease. When she failed to avail herself of that option, knowing that the lease had

5. As to waiver of forfeiture.

been broken in that respect by Wiegel & Co. and by the appellant for so long, but, instead, demanded and received the rents, and expressly recognized the continuance of the lease, notwithstanding the breach of this condition, appellant had the right to consider that she had waived a compliance in this respect, according to the authorities already cited.

In *Insurance Co.* v. *Norton*, 96 U. S. 234, the court, after citing and quoting from a number of cases, says: "These cases show the readiness with which courts seize hold of any circumstances that indicate an election or intent to waive a forfeiture." The principle here announced would apply to the conduct of appellee, as showing an acquiescence in any of the other alleged breaches to work a forfeiture, had the proof shown such breaches. We find no element of wilfulness or gross negligence in the breaches confessed.

Therefore the chancellor erred in declaring a forfeiture, and his decree in that respect is reversed. As to the amount of royalty decreed, it is affirmed.

NOTE. I am indebted to Mr. Justice Mansfield for all that part of this opinion which relates to the doctrine that a court of equity will not enforce a forfeiture. He had prepared, before his resignation, an opinion in this case. Since then, however, the court has modified its views as to the propriety of the transfer of this case to the chancery court, and while I have copied *verbatim* much of the opinion of Judge Mansfield, he is not responsible for anything expressed in the opinion in its present shape.