## WILLIAMS v. SHAVER.

### Opinion delivered November 6, 1911.

1. FORFEITURES—WHEN ENFORCED IN EQUITY.—Before a forfeiture will be declared, equity will require that a strict compliance with every important prerequisite must be shown, even in contracts where the forfeiture is provided for by express terms. (Page 568.)

2. SAME—WHEN ENFORCEABLE.—Though a lease provides as part of the consideration that a part of the land should be cleared, a failure to make such clearing would be no ground of forfeiture of the lease, without express provision to that effect. (Page 569.)

3. CANCELLATION OF INSTRUMENT—WHEN REMEDY GRANTED.—Before equity will cancel a contract, it must appear that the plaintiff has no plain, adequate and complete remedy at law, that the defendant has failed to perform the contract, and that the parties can be placed substantially *in statu quo.* (Page 569.)

4. SAME—SUFFICIENCY OF EVIDENCE.—To justify the cancellation of a contract, the proof must be clear, strong and conclusive. (Page 570.)

Appeal from Poinsett Chancery Court; *Benjamin Harris,* Special Chancellor; affirmed.

*M. P. Huddleston,* for appellant.

Where the lessee is insolvent, and actual physical performance is the only substantial interest that the lessor has in the lease, and where irremediable mischief will result from either imperfect or nonperformance, then it is proper to either require bond for performance, or in default of this to cancel the lease. 36 N. J. Eq. 66; Stockt. (Ind.) 401; 16 Ves. 1; 20 N. W. 859; 16 Cyc. 478-9; 10 N. J. Eq. 115; 40 N. C. (5 Ind. Eq.) 261; 4 Barb. (N. Y.) 376; 33 Ark. 376; 13 Bush (Ky.) 435; 63 S. W. 787; 59 Am. Dec. 677; 25 So. 834; 24 A. & E. Enc. (2 ed.) 619; 121 S. W. 15.

*J. J. Mardis,* for appellee.

1. To authorize a cancellation of a lease for insolvency the evidence must be clear and conclusive. Forfeitures are strictly construed, and never favored in equity. 29 Ind. App. 227; 64 N. E. 531; 59 Ark. 405; 128 Ind. 38, 27 N. E. 162. If the acts to be done have been carried on in good faith, it is sufficient, even though the things to be done have not been fully completed. 97 Ind. 274; 44 Minn. 313. The acts may be done at any time within the period specified. 40 W. Va. 87; 20 S. E. 812.

2.   Forfeiture for breach, or for wrongful act of a tenant are never favored by courts.   49 Ill. 211; 53 Ind. 229; 13 Bush (Ky.) 435; 59 Ark. 405, 412.   Stipulations for a forfeiture before the termination of a lease are construed most strongly against the lessor.   2 Brewst. (Pa.) 484; 51 Mich. 482; 16 N. W. 865.

3.   Appellees acted in good faith and doing everything possible to carry out their contract.   In such case a forfeiture will never be declared.   97 Ind. 247; 44 Minn. 313; 128 Ind. 38; 27 N. E. 162.

4.   Appellant is estopped by accepting annual rents and improvements.   15 S. E. 151; 70 Am. R. 467; 59 Ark. 405-412; 96 U. S. 234; 30 Mo. 130.

5.   There are no elements of wilfulness or gross negligence in the breaches.   59 Ark. 405-412.

6.   The lessees have the right to complete the improvement at any time within the limits of the lease.   40 W. Va. 87; 20 S. E. 812.

FRAUENTHAL, J.   This was an act on in equity seeking to obtain a decree requiring a lessee of land to give surety for the performance of certain covenants made by him in a contract of lease, on account of his alleged insolvency occurring after its execution, or to cancel said lease contract in event of his failure so to do.

On December 2, 1904, the plaintiff by a written contract leased to the defendant a tract of land containing 480 acres, for a period of ten years from and after January 1, 1905.   About 100 acres of this land were in a state of cultivation at the time of the execution of the lease, and the remainder was covered with timber.   It was provided in the lease that the lessee should pay as rent therefor the sum of $350 each year, and should execute notes therefor, payable respectively on the 15th day of October, 1905, and on a like date of each succeeding year, which was done.   It also provided that the lessee should clear, fence and place in a state of cultivation all of the land except 40 acres thereof by the time of the expiration of the lease, and that he should have the use of this land so cleared free of rent.   The lease also provided that, upon the expiration thereof, the lessee should return the possession of the land to the lessor in a good

state of cultivation, with the improvements thereon in sound and good order.

On November 22, 1909, this suit was instituted, and in her complaint the plaintiff alleged that since the execution of the contract of lease the defendant had become insolvent, and had failed to comply with the terms thereof providing that he should clear, fence and place in cultivation the portion of the land covered by the timber, and also that he had failed to keep the improvements thereon in sound and good condition. It was further alleged that, on account of said insolvency, the defendant was unable to and would not perform the above covenants on his part, and that by reason thereof plaintiff would suffer irreparable injury.

The defendant denied that he had failed to comply with any covenant made by him in said lease, and denied that he was insolvent. He alleged on the contrary that he had paid the rent notes as they had matured, and had sublet the land to one Biddy, who by the terms of the sublease had cleared, fenced and placed in a state of cultivation 150 acres of said land. He also alleged that he was solvent, and that he was proceeding in good faith to comply with all of the agreements of the lease made by him. By an additional pleading, the plaintiff recognized and ratified said sublease made by the defendant, and asked that the sublessee should be required to attorn to her for all rents payable by him. Upon the trial of the cause, the chancellor made findings in favor of defendant, and thereupon entered a decree dismissing the complaint for want of equity.

It appears from the testimony in behalf of defendant that he went into possession of the land upon the execution of the contract of lease, and shortly thereafter proceeded to deaden the timber on about 100 acres thereof. Afterwards, he sublet said land to said Biddy, who agreed to pay as money rent a sum exceeding the money rent payable by defendant to plaintiff, and, in addition thereto, to clear, fence and place in a state of cultivation 150 acres of the timber land, including the 100 acres upon which the plaintiff had deadened the timber. Under the terms of the sublease, the plaintiff was to have the rent of the land so cleared by Biddy after three years from the date such clearing was made.

The testimony shows that the sublessee had cleared, fenced and placed in a state of cultivation 150 acres of the timber land; and the plaintiff by her additional pleading ratified the sublease so made and accepted the work thus done thereunder. The testimony further shows that in 1907 the defendant became financially embarrassed, and that several judgments were recovered against him. He testified, however, that he had subsequently paid all of said judgments, and that while he was indebted in a large sum, he had assets in value and amount far in excess of his liabilities. The chancellor found in effect that the defendant was solvent, and was ready and able to perform all the covenants in said lease made by him.

In addition to this, it appears that defendant has paid all of said notes executed by him for the rent of said land upon the maturity thereof, and that after his alleged insolvency in 1907 the plaintiff made no complaint on that account, but collected the rent for the years 1907, 1908 and 1909 as they matured with no claim or demand for a rescission of the lease for any reason. Subsequently, in 1909, the plaintiff entered into a contract with third parties for a sale of the land, and it would appear that the ability of the plaintiff to perform his covenants in the lease was then questioned for the first time.

It is contended by counsel for plaintiff that, under the terms of said contract of lease, a portion of the consideration therefor was the agreement on the part of the defendant to clear, fence and put in a state of cultivation that part of the land which was covered with timber, and which amounted to about 340 acres, and that the plaintiff is entitled to invoke the aid of a court of equity to prevent her from suffering irreparable injury on account of defendant's inability to perform the contract on his part. The purpose of this action is to require defendant to give surety for the performance of his covenant to do this work, or to rescind the contract. The real object, and the actual result of this action, if successful, is in effect to work a forfeiture of this contract of lease. Ordinarily, where a forfeiture is desired in a contract, it is by the express terms thereof provided that a forfeiture may be declared in event of some breach thereof. This is especially true of leases. The forfeiture of the term of a lease is usually provided for in the contract by express words, and generally occurs upon or in

consequence of a breach of some agreement therein stipulated. But where forfeitures are provided for by the express terms of a contract, it has been well settled that they are not favored in equity. It is well recognized that the right of forfeiture is a harsh remedy and liable to produce great hardships. For this reason it has been uniformly held that before a forfeiture will be declared the law will require that a strict compliance with every important prerequisite must be shown, even in such contracts where the forfeiture is provided for by express terms. 2 Taylor on Landlord and Tenant, § 489; *Little Rock Granite Co.* v. *Shall,* 59 Ark. 405; *Miller* v. *Havens,* 51 Mich. 482; *Chute* v. *Washburn,* 44 Minn. 312; *Ellis* v. *Elkhart Car Co.,* 97 Ind. 247.

But in the case at bar the lease contract did not provide that a forfeiture would be incurred by reason of any breach of the agreement to clear the land. If this covenant shall be deemed a part of the consideration of the lease, and its observance in effect a part of the rent which was to be paid for the land, still, without express provision to that effect, a failure to perform it would not necessarily result in a forfeiture of the lease. As is said in the case of *Buckner* v *Warren,* 41 Ark. 532: "The nonpayment of rent is no cause of the forfeiture of a lease unless it is expressly so provided. The tenant can retain possession to the end of his term, though it may be morally certain that his landlord will never receive any compensation for the use of his premises demised." And, in his concurring opinion in that case, Mr. Justice EAKIN said: "I desire to avoid any expressions which may be construed as pointing to a doctrine which I think dangerous, and may be oppressive, towit: that a landlord, simply from breach of a tenant's covenants, may determine the lease and put him out. If tenants are willing to risk that, it should be shown by express conditions in the lease."

It is true that equity will grant relief by injunctive or affirmative action where a party, without fault, will suffer irreparable injury and has no plain, adequate and complete remedy at law; and it has been held that where the remedy for a recovery of damages by an action at law is inadequate equity may grant relief by decreeing a cancellation of the contract at the instance of the party who has complied with it, and where the

other party has failed or refused to perform it, and the parties can be placed substantially *in statu quo.* 16 Cyc. 44; *Ferris v. Hoagland,* (Ala.). 25 So. 834; *Farmers' Loan & Trust Co. v. Galesburg,* 133 U. S. 156.

But in all such cases there must be an actual nonperformance of the contract by the other party, and a positive breach thereof by him. In addition to this, it must be shown that the damages incurred by reason of such breach are of such nature that an adequate recovery therefor can not be had at law. Proof, however, to justify the action of a court of equity to grant an injunction, or to render the affirmative relief of a cancellation of the contract, must be clear, strong and conclusive. 6 Cyc. 336.

In the case at bar, the plaintiff had performed a great part of the covenant upon his part to clear the land. He had cleared 150 acres thereof, and there only remained 190 acres which were to be cleared. It is conceded that he had, by the terms of the contract, five years longer in which to do this work. He had paid all the notes given for the rent of the land which had matured, and was not in default as to any of them when this suit was instituted, nor since. There is no testimony indicating that he has breached any of the agreements of the contract on his part, and the evidence is sufficient to support the finding that he has not refused by any act or word to execute every substantial part of it required from him.

We do not deem it necessary to pass upon the question as to whether or not proof of utter insolvency alone would be sufficient breach of the contract to work a rescission thereof, or sufficient to invoke the aid of the affirmative action of a court of equity to that end where in a given case the party had obligated himself to perform certain covenants and had until the expiration of such contract. to make performance thereof, and since the execution thereof had become insolvent. To sustain such an action of the court, even if such a ruling would be made, the proof of the insolvency would have to be clear and decisive. The chancellor found that the testimony did not show that the defendant was insolvent, and upon an examination of the record we cannot say that this finding is contrary to the weight of the evidence adduced upon the trial of this case.

The case, then, presented is this: The lessor demised her land for ten years, and placed the lessee in possession thereof under a written contract. The lessee has not failed or refused to perform any of the agreements made by him under the contract of lease. By the terms of the contract, the lessee was to perform certain work in the future, and the time for doing so had not expired, but for the nonperformance thereof damages would result to the lessor. The contract does not provide for a forfeiture thereof for a failure to perform the work, and the evidence does not show that the lessee does not or will not perform the covenants required of him in the future. His alleged insolvency has not been shown by strong or conclusive proof, even if it should be deemed that this would constitute a breach of his contract or sufficient to authorize a court of equity to grant relief declaring such lease rescinded on that account. Under these circumstances, we are of the opinion that the chancellor did not err in entering the decree dismissing the case for the want of equity. The decree is accordingly affirmed.