## SELLS *v.* BREWER.

### Opinion delivered July 3, 1916.

LEASES—FORFEITURE—NON-PAYMENT OF RENT—STIPULATION.—Where expressly stipulated in the contract of lease, non-payment of rent will work a forfeiture of the lease.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; reversed.

*H. F. Roleson,* for appellant.

The trial court misconstrued the case of *Geary* v. *Parker,* 65 Ark. 521. There was no condition of forfeiture in that case and it was based on a construction of a statute. Here the rent was not paid when due and the lease declared forfeited and notice to quit served before the tender of rent. The contract is unam-

biguous and the contract was forfeited.   41 Ark. 532; 57 *Id.* 301; 24 Cyc. 1352, 1339.   The court erred in its instructions.   *Supra.*

SMITH, J.   Appellant instituted an action of unlawful detainer against appellee to recover the possession of a certain tract of land which she had leased him for the period beginning June 1, 1908, and ending May 31, 1918. The rent was $30 per year, payable quarterly, and rent for one quarter was due on September 1st, but was not paid at that time.   The lease contained the following clause:

"It is further agreed that the rent herein above provided for is to be paid quarterly, and if any quarter's rent shall remain due and unpaid, after due date thereof, then and in that event party of the first part may declare this lease at an end, and take immediate possession of this property, together with the appurtenances."

On September 5, 1913, the rent remaining unpaid, the appellant served on appellee the following notice:

"You are notified that I have in default of your payment of rent cancelled your lease dated June 2, 1908, and demand possession of the premises."

This action followed this notice.

Appellee denied the allegations of the complaint that appellant was entitled to the possession of the land, or that the same was unlawfully detained.   A tender of the rent was made on September 13th.

There was conflicting evidence in regard to appellant's custom in the collection of the rent. and there was evidence on appellee's behalf which tended to show that appellant would not insist on the forfeiture clause because of a failure to pay rent on the day it was due.   This evidence was in conflict with that of appellant on the subject.   However, the question of waiver was not submitted to the jury, and we must, therefore, treat that question as not having been passed upon by the jury.   Upon the contrary, the court gave, over appellant's objection, the following instruction:

"You are instructed that if you find from the evidence that the rent due for the property in question was

tendered within three days after demand for possession was made by the plaintiff, then it is your duty to find your verdict for the defendant."

It is said this instruction is based upon the opinion of this court in the case of *Geary* v. P*arker*, 65 Ark. 521. It will be observed, however, that the opinion in that case mentions the fact that "there was no condition of forfeiture in the lease for non-payment." But in this case we have this express condition, and the authorities recognize the right of parties to contract for a forfeiture. 2 Taylor, Landlord *&* Tenant, Sec. 489.

In 24 Cyc., page 1352, it is said:

"While a provision in a lease for a forfeiture or re-entry is necessary to authorize the lessor to terminate the tenancy, on the failure to pay rent, except where the statute otherwise provides, yet when the lease contains such a provision, the lessor may proceed to end the lease on the breach of such covenant, notwithstanding the failure to pay was not wilful. Of course the landlord cannot terminate the lease until the expiration of the whole of the day on which the rent is payable; and if the lease provides that the rent shall not be payable until a certain time after it accrues, he has no right to re-enter until the expiration of that time."

While the cases on the subject hold that the landlord who desires to enforce the forfeiture of the lease for the non-payment of the rent must bring himself strictly within the provisions of the contract which gives him this right, still the validity of the stipulation and the right to enforce it is recognized when he has done so.

In the recent case of *Williams* v. *Shaver*, 100 Ark. 565, it was said: "Ordinarily, where a forfeiture is desired in a contract, it is by the express terms thereof provided that a forfeiture may be declared in event of some breach thereof. This is especially true of leases. The forfeiture of the term of a lease is usually provided for in the contract by express words, and generally occurs upon or in consequence of a breach of some agreement therein stipulated."

The opinion in that case quoted from both the majority and the dissenting opinions in the case of *Buckner* v. *Warren*, 41 Ark. 532, in both of which opinions, as shown by the quotations there made, non-payment of rent was recognized as a ground for forfeiture of a lease when it was so expressly provided.

The court should, therefore, have given effect to the language of the contract and under the evidence in the case should have submitted the cause to the jury upon the question of waiver.

For the error indicated the judgment will be reversed and the cause remanded.

KIRBY, J. dissents.