Humphreys, J. Appellee instituted suit against appellant in the White Circuit Court to recover the possession of forty acres of land, alleged to be unlawfully detained by appellant, on account of his failure and refusal to enter into a written lease in accordance with an oral agreement entered into between said parties. Appellant filed an answer denying that he failed and refused to enter into a written lease for the land in accordance with the oral agreement, but alleged that on the contrary he had reduced the agreement to writing, and that it had not been executed because appellee refused to sign it; that, pursuant to the oral understanding, he had entered into possession of the premises and carried out all the terms of the lease until interrupted by a demand for possession of the premises and the institution of this suit by appellee. The cause was submitted upon the pleadings, eviJ dence and instructions of the court, which resulted in a finding and judgment in favor of appellee for the possession of the land. It was agreed between the parties that a written lease should be executed to the effect that appellant should plant as much as he could of a certain block of six acres in strawberries in the spring of 1920, should cultivate four acres of strawberries already growing on the land, and should cultivate the balance of the land in corn; that appellee should receive one-fourth of the proceeds derived from the berries and one-third of the corn for the use of the land. Appellant took possession of the land and planted about an acre and a half of berries in the spring of 1920 and worked out the four acre tract, when appellee demanded possession of the lands and instituted this suit. The evidence is conflicting as to whose duty it was to prepare the written lease. Appellant prepared a written lease and left it at the McRae State Bank foxappellee to sign. Tlie lease provided for the balance of the berries to be planted in the spring of 1921, and appellee refused to read or sign it because it provided that the strawberries should be planted in the spring of 1921 instead of 1920. The evidence is also in conflict as to whether appellee planted all the strawberries he could have plaxited in the spring- of 1920 under the prevailing weather coxiditions. When the evidexxce was concluded, appellant requested a peremptory instruction, on the ground that the right of eviction did not exist in favor of the lessor in the absence of a clause in the contract providing for a forfeiture upon failure to comply with the terms • of the lease, and it is now insisted that the court committed reversible error in refusing to give appellant’s peremptory request. This contention is xiot sound, for it. is well settled that a lessor may disaffirm a lease contract and regain possession of the land if the lessee, either in words or by equivalent acts,- had repudiated or abandoned tlie coxxtract. Buckner v. Warren, 41 Ark. 532. The doctrine announced in the case cited was approved in the later case of Lindsey v. Bloodworth, 97 Ark. 541. In the latter case the court'took occasion to say: “The' other allegations ' of the complaint show that the' appellant had violated the obligations of his contract' with appellee in such manner as tó evince an intention on his (appellant’s) part not to pay the rents as stipulated for, and, in fact, to abandon the contract. The complaint is crude, but, taken as a whole, it certainly states facts to show that appellant had wholly abandoned the contract which created the tenancy, and that his holding thereafter was unlawful.” The evidence in the instant case, as stated above, was in conflict as to whether appellant abandoned his contract by failing and refusing to prepare and execute a lease requiring him to plant as many strawberries as he could in the spring of 1920 on a certain six-acre block in the forty-acre tract. If he did so fail and refuse, it amounted to a repudiation of his contract, and an action in unlawful detainer would lie. For this reason it was proper to refuse appellant’s peremptory request. Appellant insists that the court erred in giving appellee’s instruction No. 1, which is as follows: “You are instructed that if you find from the testimony in this case that the defendant failed or refused to comply with the terms of the contract for the lease of the lands mentioned in Ibis action through no fault of the plaintiff or her agent, then the plaintiff had the right to rescind said contract and to treat the same as at an end, and your verdict will be for the plaintiff.” The insistence is that the instruction authorized a rescission of the contract for a mere breach thereof. The instruction is ambiguous• in that it is doubtful whether it was intended to relate to the failure and refusal of appellant to execute a written contract or a failure and refusal to plant as many strawberries as he could on the six-acre block of ground in the forty-acre tract. The attention of the court was not called to this ambiguity existing in the instruction by specific objection. The objection interposed to it was general. But, even if inherently wrong, appellant waived the error by requesting an instruction upon the same issue. The court gave appellant’s request No. 2, which contained a proviso submitting the identical issue to the jury. The provision is as follows: “Provided, you find that the defendant complied with the terms of the contract for the lease of the land.” Appellant’s last insistence for reversal is that an error was committed by the court in failing to tell the jury that a suit in unlawful detainer would not lie for a partial breach. It is true that a lessor cannot evict a lessee from the leased premises unless the lessee has repudiated the contract by word or act, but appellant never raised this question below. No request was made by appellant submitting the issue of the effect of a partial breach to the jury. The case was tried and submitted upon the issues of whether appellant had failed and refused to execute a written contract in accordance with the parol agreement, and whether he failed to plant all the strawberries he could in the spring of 1920 on the six-acre block in the forty-acre tract. No error appearing, the judgment is affirmed.