## MIZELL v. MERCER.

### Opinion delivered July 7, 1924.

1. LANDLORD AND TENANT—ABANDONMENT OF LEASE.—A lessee may abandon his lease either by words or by equivalent acts.

2. LANDLORD AND TENANT—FAILURE TO PLANT CROP.—Failure of a tenant to plant a crop out of which he agreed to pay rent would amount to a repudiation of the lease, and a holding thereafter by the lessee would be unlawful.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; reversed.

*J. N. Rachels,* for appellant.

The court erred in instructing the jury to find a verdict in favor of the defendant.

The failure of Mercer to sow oats and plant strawberries set at naught his right to remain in possession of the leased premises. 57 Ark. 301; 97 Ark. 541; 150 Ark. 371.

HUMPHREYS, J. This is a suit by appellant, lessor, to oust appellee, lessee, from the possession of the north half of the southwest quarter, section 30, township 6 north, range 7 west, in White County, on account of an alleged abandonment of the rental contract for same.

Appellee filed an answer denying that he had abandoned the rental contract.

The cause proceeded to a hearing, and, at the conclusion of appellant's testimony, on motion of appellee the court directed the jury to return a verdict for him, over the appellant's objection and exception, from which is this appeal.

It appears from the testimony that A. B. Hanley owned the land, and contracted to sell same to appellant some time in December, 1921, subject to a rental contract he had theretofore made with appellee for the year 1922. Hanley conveyed the land to appellant on January 30, 1922. In October or November, 1921, he had leased it to appellee for a share of the crops, with the understanding that appellee would set out fifteen acres to strawberries in February or March, 1922, plant five bushels of oats, and plant the rest of the land in corn and peas. Appellee did not move upon the land himself, but placed a tenant thereon. According to the testimony introduced by appellant, appellee failed to plant out the berries or to plant any crop on the land during planting season. The witnesses testified that neither appellee nor his tenant had plowed a furrow at the time this suit was instituted in April, 1922. This indicated that appellee had abandoned the rental contract, in which event he subjected himself to eviction. The lessee may abandon a contract creating a tenancy, either in words or by equivalent acts. A failure to pitch a crop out of which rent is agreed to be paid in kind would amount to a repudiation of the rental contract or lease, and a holding thereafter by the lessee would be unlawful. *Buckner* v. *Warren,* 41 Ark. 532; *Lindsey* v. *Bloodworth,* 97 Ark. 541; *Leehy* v. *Fullerton,* 150 Ark. 371.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.