PIERCE *v.* KENNEDY.

4-7005                                    168 S. W. 2d 1115

Opinion delivered March 8, 1943.

*Pickens & Pickens,* for appellant.

*Yingling & Yingling,* for appellee.

SMITH, J. Appellants filed suit in the Jackson circuit court to recover possession of certain lands described in the complaint, alleging that they were the owners of this property, and that appellee had entered into possession of it under a written lease, which was made an exhibit to the complaint, and it was alleged that appellee

had breached the lease contract by failure to pay promptly when due the rentals specified therein.

After giving the bond required by the unlawful detainer statute (§ 6040, Pope's Digest), the writ was issued and served. Appellee gave bond and retained possession and filed an answer denying the material allegations of the complaint, and alleging that, under the terms of the lease, the rent was payable on the first day of each month, in advance, $15 of which was to be paid to H. D. Tedrick and $10 to Eugene Ransom, as administrator of the estate of D. M. Ransom, deceased, the total amount of the rent being $25 per month, to be paid on the first day of each month, and that this rent had been paid.

The lease was dated January 2, 1941, and was for the period of five years. It contained the following provision: "Lessee agrees to pay the said sum of $25 per month in advance on the 1st day of each month during the life of this lease and agrees that any default made in the prompt payment of said rental shall at once make all remaining unpaid rentals become due and payable at once and he shall forfeit all right to longer occupy said property."

The answer alleged, and the testimony showed, that appellee had never paid the rent on the first day of the month, as required by the lease contract, but had always paid before the expiration of the month for which the rent was due. Appellee did not pay the rent due August 1, and on the 13th day of that month he was served with the three-day notice to vacate required by § 6035, Pope's Digest, as the basis upon which to maintain an action of unlawful detainer. Immediately upon the service of this notice, and on the day of its service, appellee paid the rents to Tedrick and Ransom as administrator, in the proportion above stated and took receipts therefor.

There was a mortgage on the land covered by the lease in favor of Dan M. Ransom, whose administrator, after this action was filed, brought suit to foreclose the mortgage, and a default decree of foreclosure was rendered in that case.

The lease gave appellee an option to purchase the leased land, which reads as follows: "Lessee shall have

the right at any time within the said five-year period of this lease, to purchase said property for the sum of $2,000 cash consideration; provided that if the lessee be in default in the payment of said rentals herein specified, said option to purchase shall terminate.''

Along with his answer, appellee filed a motion and petition in the circuit court to enforce his option to purchase the leased property, and the cause was transferred to equity. Thereafter, and before the trial, appellants paid and satisfied the decree foreclosing the Ransom mortgage and had a settlement with Tedrick and Ransom determining the balance due them preparatory to paying them. It does not appear whether Tedrick also had a mortgage. In the meantime, appellee had continued to pay rents under his lease contract to Ransom, administrator, and to Tedrick to and including the rent due January 1, 1942. In their settlements with Ransom and Tedrick appellants took credit for the rents paid by appellee to Tedrick and Ransom.

Appellants collected no rent after January 1, and appellee made no attempt to exercise his option to purchase, and the case was tried in the chancery court as one to cancel the lease on account of the nonpayment of the rent. Appellee made tender of the rents as they accrued, and tendered into court the rents which had accumulated to the time of trial. These the court ordered paid to appellants, and the cause was dismissed as being without equity, and from that decree is this appeal.

The court did not assign the reason for this decree, but it is defended upon the ground that there had been a waiver of the right to declare the lease forfeited, if, indeed, that right had ever existed. Rents had been accepted which were not paid when due, and the delinquent rent for August was paid the day notice to vacate was served, and rents were subsequently paid and accepted up to and including those due January 1, 1942.

The case chiefly relied upon by appellants for the reversal of the decree here appealed from is that of *Sells v. Brewer,* 125 Ark. 108, 187 S. W. 907, which case recognized the right of parties to a lease to contract for its

forfeiture upon failure to pay rent as required by the contract, or to perform other acts forming the consideration for the lease. But that case recognized also that this stipulation may be waived; and we think it was waived in this case.

The holding in the case of *L. R. Granite Co.* v. *Shall,* 59 Ark. 405, 27 S. W. 562, was summed up in a headnote reading as follows: "Where there has been a breach of a contract of lease sufficient to cause a forfeiture, and the party entitled thereto, either expressly or by his conduct, waives it, equity will relieve the defaulting party from a forfeiture unless the violation of the contract was the result of gross negligence, or was willful and persistent."

There was here some delay, but no gross negligence nor was the failure to pay willful or persistent.

In the case of *Wales-Riggs Plantations* v. *Banks,* 101 Ark. 461, 142 S. W. 828, the above quoted headnote was approved as a correct declaration of law, and the case of *Friar* v. *Baldridge,* 91 Ark. 133, 120 S. W. 989, was cited to the same effect. See, also, *Williams* v. *Shaver,* 100 Ark. 565, 140 S. W. 740.

This statement appears in § 894 of the chapter on Landlord and Tenant, 32 Am. Jur., p. 757: "A court of equity, even in the absence of special circumstances of fraud, accident, or mistake, may relieve against a forfeiture incurred by the breach of a covenant to pay rent, on the payment or tender of all arrears of rent and interest by a defaulting lessee. The grounds upon which a court of equity proceeds in this connection are: that the rent is the object of the parties, and the forfeiture only an incident intended to secure its payment; that the measure of damages is fixed and certain; and that when the principal and interest are paid, the compensation is complete. This relief may be granted where there is a proviso that the lease shall be void, as well as where there is a mere power of re-entry, and it has been granted in various situations."

A similar statement appears at § 654 of the chapter on Landlord and Tenant, 16 R. C. L. 1133. These texts cite a number of annotated cases, which collect a vast number of others.

The somewhat novel argument is made that because appellants got credit for rents paid their accredited agent it does not follow that they received any benefits because appellee was accepting the same benefits under the contract as they were, that is, appellee had the benefit of the occupancy of the leased premises and the accepted payments did not inure to the sole benefit of appellants. The argument is that the benefits said to constitute a waiver must inure solely to the person whose acceptance of benefits was said to have constituted the waiver of the breach. The case of *Clear Creek Gas Co.* v. *Brunk,* 160 Ark. 574, 255 S. W. 7, is cited to support that contention; but the opinion is to the contrary, as shown by the headnote to that case, reading as follows:

"One party to a contract who, with knowledge of a breach by the other party, continues to accept benefits under the contract and suffers the other party to continue in performance thereof, waives the right to insist on a breach.

"Where the lessor in an oil and gas lease accepts rentals from his lessee after knowledge of a breach of agreement to drill a well, instead of declaring a forfeiture and suing for damages, he will be held to have waived the breach and the consequent damages therefrom."

We conclude that the court below was correct in holding that if there had been a forfeiture, there had also been a waiver of the right to enforce it, and the decree to that effect is accordingly affirmed.