PARDUE v. BRYANT.

4-9633                                    244 S. W. 2d 135

Opinion delivered December 17, 1951.

*Jesse A. Pardue* and *Kincannon & Kincannon,* for appellant.

*Shaw & Spencer,* for appellee.

GEORGE ROSE SMITH, J. This was originally a suit in unlawful detainer brought by the appellant, but the

case was transferred to equity and became in substance a suit to cancel a lease for non-payment of rent. The chancellor refused to cancel the lease.

On June 7, 1940, the appellant leased a small unimproved tract to R. L. Ward for a term of forty years at a rental of $10 a year. The written lease permits the lessee to make and to remove improvements. It provides that the property shall revert to the lessor if the rent is not paid when due, but there is no provision restricting the tenant's power to assign his interest.

Ward took possession of the property, made improvements worth about $1,000, and paid the annual rent to and including the payment due June 7, 1947. In August of that year Ward undertook to assign the lease to one of the appellees, W. T. Bryant, but the assignment was executed in Ward's name by his wife. Bryant failed to tender the next installment of rent on June 7, 1948, because his wife's funeral was held on that day. Not more than two days later Bryant did offer to pay the rent, but the appellant refused to accept the tender. Bryant at once mailed the appellant a money order for the rent, but she returned it. Bryant continued in possession, and in 1949 he mailed another money order for the rent due on June 7 of that year. The appellant retained this money order without cashing it, and on July 11, 1949, she filed this suit. Bryant later assigned his interest to appellee Loraine Miller, who mailed a money order for the 1950 rent. The appellant also retained this money order without cashing it.

Two principal arguments are made for reversal. First, it is said that Ward's assignment to Bryant was void under the statute of frauds for the reason that Mrs. Ward did not have written authority to act for her husband. Ark. Stats. 1947, § 38-105. The appellant, however, was not a party to the assignment, and a third person cannot complain because a contract does not meet the requirements of the statute. Williston on Contracts, § 530; Rest., Contracts, § 218. Second, it is argued that Bryant's 48-hour delay in tendering the 1948 rent worked a forfeiture by the terms of the lease. We have recog-

nized equity's power to relieve against a forfeiture for nonpayment of rent, since the rent is the primary object of the parties and the forfeiture is merely an incident intended to secure its payment. *Pierce* v. *Kennedy,* 205 Ark. 419, 168 S. W. 2d 1115. In the case at bar the tenants had made valuable improvements, the slight delay in tendering the rent was attributable to a good reason, the landlord permitted the tenant to remain in possession for more than a year before filing suit, subsequent tenders of rent were not returned, and the lease does not make time of the essence of the contract. In view of all these circumstances the chancellor was fully justified in refusing to cancel the lease.

Affirmed.