BURTON v. RICE.

5-2545                                    352 S. W. 2d 568

Opinion delivered December 18, 1961.

[Rehearing denied January 30, 1962.]

*Rhine & Rhine* and *Howard A. Mayes,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

GEORGE ROSE SMITH, J.    This is an action at law by the appellant landlord to recover possession of a farm that he orally leased to the appellee in the fall of 1958 for a term of four years. At the close of the plaintiff's proof he asked for a directed verdict on the ground that the principal allegations in the complaint had not been denied by the answer and were therefore admitted. The court denied the motion for a directed verdict; the correctness of that ruling is the only issue on appeal. The case was fully tried on its merits and resulted in a verdict for the defendant.

The lack of complete clarity in the pleadings was due to the fact that this is the second lawsuit about this lease. In January of 1960 the appellant filed his complaint in the first case, alleging among other things that the tenant had violated the lease agreement during the 1959 crop year by allowing the riceland to become infested with coffee beans, indigo, and other weeds. That

case was tried in March of 1960. The jury awarded the landlord only $75 in damages and found specifically that the tenant was entitled to remain in possession of the land until December 31, 1962.

The present complaint was filed by the lessor in February of 1961. After alleging that the tenant took possession on January 1, 1959, the plaintiff asserted that the tenant had allowed the land to become infested with weeds. There is no specific statement of just when this occurred. In response to this complaint the defendant pleaded the first judgment as *res judicata*.

At the trial the plaintiff introduced proof to show that weeds had been permitted to grow up on the land during the 1960 crop year. It is evident that the plea of *res judicata* would not be a defense to this charge of waste, since the events took place after the first trial, which had involved the 1959 crop year. Upon closing his case the plaintiff moved for a directed verdict, pointing out that the allegations of the complaint had not been denied.

The court reporter did not take down the ensuing colloquy, but counsel have stipulated that this is what occurred: "Whereupon, the appellee's attorney called to the court's attention the fact that there were no allegations in the complaint with reference to any matters occurring since the former trial on March 14, 1960, with reference to which *res judicata* had been pleaded. . . . The appellee asked the court to treat the complaint as amended to conform with the proof, and the answer as amended to deny the allegations of the complaint as amended. The court, without specifically ruling thereon, asked the appellant's attorney whether he desired to plead surprise and ask for a continuance, whereupon said attorney answered in the negative and stated that he was standing on the pleadings. Thereupon, the appellant's motion for a directed verdict was denied."

The appellant recognizes the settled rule that the matter of allowing pleadings to be amended in the course

of the trial is largely discretionary. The trial court's action will be sustained unless there has been a manifest abuse of discretion, materially prejudicing the complaining party. *Rucker* v. *Martin*, 94 Ark. 365, 126 S. W. 1062. Here, however, the appellant insists that the trial court did not expressly grant the appellee's request that the answer be treated as amended. Hence, it is argued, the request was tacitly denied, and the plaintiff was entitled to a peremptory charge.

The appellant is mistaken in construing the trial court's ruling as a denial of the appellee's request that his answer be treated as amended. It is important to remember that the court first asked the plaintiff's attorney whether he desired to plead surprise. This inquiry had no relevancy to anything before the court except the request for leave to amend the answer. Unless we are to assume that the judge was making a useless inquiry we must conclude that he was seeking information as a basis for ruling upon the appellee's request. It was only after the appellant disclaimed surprise that the court denied the motion for a directed verdict. We are convinced that he was merely stating the ultimate result; that is, the answer would be treated as amended and therefore the motion for a peremptory instruction would be denied. Thus the court by implication actually granted the appellee's request. There is no indication of an abuse of discretion or of prejudice to the appellant. To the contrary, when it is recalled that the defendant's oversight was invited by the plaintiff's original failure to make a specific allegation we are inclined to believe that a denial of the appellee's request might have been an abuse of discretion.

Affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice, concurring. The appellant claims that he was entitled to an instructed verdict for possession of the leased land because he

claims that the defendant had failed to deny certain portions of the complaint. My reason for denying the appellant's claim is that, regardless of what the defendant failed to do, the appellant, himself, failed to either allege or prove that he was entitled to possession of the land. I have carefully examined the transcript, page by page, and I fail to find any allegations in the pleadings or any statements in the evidence to the effect that the farm lease contained any provision for forfeiture in the event of nonperformance: that is, there was no provision that if Rice failed to perform the lease then Burton could recover possession.

We have repeatedly held that a mere breach of a covenant is not, in the absence of a stipulation in the lease to that effect, a ground for forfeiture. In *Salley* v. *Michael*, 151 Ark. 172, 235 S. W. 785, Mr. Justice Frank Smith said:

"Parties may stipulate for forfeitures for non-performance of the provisions of a lease, and the courts give effect to and enforce these stipulations; but, in the absence of a forfeiture clause, the lessor is remitted to an action for damages for a mere breach of a covenant. *Buckner* v. *Warren*, 41 Ark. 532; *Williams* v. *Shaver*, 100 Ark. 565; *Sells* v. *Brewer*, 125 Ark. 108; 16 R. C. L. p. 1115, § 633 of the article on Landlord & Tenant, and cases cited in the note to that text."

Since Burton failed to allege or prove a forfeiture clause in the lease contract, he, therefore, was not entitled to possession of the leased premises during the term of the lease.

Therefore, I concur in the result reached by the Majority in affirming the judgment of the Trial Court.